**Gary Robert DETMERING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45157.**

Court of Criminal Appeals of Texas.

June 28, 1972.

Larry S. Parnass, Willie E. Phillips, Jr., Michael Greenberg, Parnass, Clement & Cline, Irving, for appellant.

Henry Wade, Dist. Atty., and George O. Washington, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of LSD; the punishment, two (2) years in jail and a fine of $2,000.00.

**864**

We are met at the outset with the question of whether the trial court erred in overruling the Appellant's motion to "examine and inspect all drugs or potions which are designated by the penal statute as dangerous drugs and which the State of Texas intends to introduce into evidence in this case and which is now in the possession of the District Attorney".[1] This motion was filed approximately two (2) months prior to the trial date. The trial court responded to such motion in part as follows:

"It is further specifically ordered that a visual examination only is being ordered by this Court."

Apparently the trial court gave a literal interpretation to the word "inspection" found in Article 39.14, Vernon's Ann.C. C.P.

■ In his Special Commentary on Article 36.14, V.A.C.C.P., our present Presiding Judge said that, "If it is known that the State is planning to base its case on a fingerprint, bullet, pistol or rifle, book or record, the defendant can have his own expert *examine* the same under the safeguards provided." Although Judge Onion did not discuss drugs and although the Legislature did not name drugs as one of the items which could be "examined" under the discovery statute, it is clear that such is a proper interpretation of the statute. See also Willson's Criminal Forms, 7th Edition, Section 2530. Therefore, we interpret the word "inspection" to mean more than a visual examination of an object. Where the item on which the State bases its case is, for example, a drug, a visual examination would not always divulge anything of probative value.

■ It follows that the trial court reversibly erred when he later denied the Appellant's motion to "specifically instruct

the District Attorney that inspection of such drugs shall include the right of the defendant to perform a chemical analysis on each variety of drugs which the State intends to introduce into evidence in this case, said analysis is to be made by a qualified chemist in Dallas County, Texas, in whatever laboratory it is designated by the District Attorney and in the presence of whatever witness the District Attorney desires."

For the reasons stated, the judgment is reversed and the cause remanded.

1. The question presented in this case does not involve a motion by an accused for the chemical analysis of drugs made by the prosecutor's chemist, see Feehery v. State, Tex.Cr.App., 480 S.W.2d 649 (1972), which this Court has held to be the work product of the State.