Claude Thomas **TERRELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49762.

Court of Criminal Appeals of Texas.

April 16, 1975.

Jimmy Phillips, Jr., Angleton, for appellant.

Tom Hanna, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty. and David S. Mc-Angus, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, ten years.

No statement of facts was filed in this case. The sole ground of error relates to the overruling by the trial court of appellant's discovery motion for an independent chemical analysis of the alleged marihuana.

The relevant portions of the Motion for Discovery filed on October 30, 1972, are as follows:

"Now comes Claude T. Terrell, Defendant in the above entitled and numbered cause of action, who respectfully moves the Court, pursuant to Article 39.14, V.A.C.C.P., to order the State to permit defense counsel to inspect, copy, photograph, record or subject to the control of the State of Texas, and to furnish the Defendant with specified lists of articles and information as follows, to-wit: . . . 13. Allow the attorney for the Defendant to have a sample of the alleged marihuana which the Defendant is alleged to have possessed, so that he may have it tested and have an independent chemical test and analysis performed; . . . "

No ruling on this motion was made by the trial court, but a later order specifically overruling the discovery motions was entered on November 21, 1972. The trial commenced on January 8, 1973.

On November 8, 1972, appellant filed a motion for continuance in which he alleged that a medical doctor in Houston, Texas, had agreed to do an independent analysis of the marihuana. However, the record does not show that the motion was ever presented to the trial court, as the order is

not signed, and there is no reference to this motion on the docket sheet. Therefore, it will not be considered in the determination of this appeal.

Appellant relies on Detmering v. State, Tex.Cr.App., 481 S.W.2d 863, in which we held that the scope of Article 39.14, Vernon's Ann.C.C.P., included the right of a defendant to perform a chemical analysis on each variety of drugs which the State intended to introduce into evidence, and the trial court reversibly erred when he denied appellant's motion to discover same.

In its brief, the State seeks to distinguish *Detmering* from the case at bar on the grounds that here, appellant's motion asked that appellant be put in physical possession of the narcotics without a request for a representative of the State being present at all times, and therefore the motion was properly denied. In *Detmering* the motion specifically provided the analysis in question would be made by a qualified chemist in Dallas County, and in whatever laboratory designated by the District Attorney and in the constant presence of his representative.

It appears that the State's position is that the type of discovery motion involved here is insufficient unless it specifically includes a reference to the presence of the District Attorney during the examination of the narcotic.

Under Article 39.14, supra, it is incumbent upon the trial judge to specify the time, place and manner of inspection of the tangible evidence sought to be discovered, provided, however, that the evidence must remain in the possession of the State and any inspection be in the presence of a representative of the State.

■ Since the statute requires the trial court to set the time and determine the place for the inspection and the manner in which it is conducted, no reference to this is necessary in the motion. See Tessmer,

Discovery in Texas Criminal Cases, in 7 Texas Practice, Willson's Texas Criminal Forms, Sec. 2530 (7th Ed. 1966) and Thode, Criminal Discovery: Constitutional Minimums and Statutory Grants in Texas, 1 Tex.Tech.L.Rev. 183 (1969–70.)

Appellant's motion referred the trial court to Article 39.14, supra, as authority. The statute sets out specifically that inspection of evidence will take place in the presence of a representative of the State. It was therefore unnecessary for appellant to reiterate the conditions set forth in the statute in his Bill of Discovery.[1]

■ We conclude that pursuant to our decision in Detmering v. State, supra, appellant was entitled to an independent analysis of the marihuana. Failure to grant his Motion for Discovery was reversible error.

The judgment is reversed and remanded.

---

1. See Willson's Criminal Forms, Sec. 2529 (7th Ed. 1966) for a sample Motion for a Bill of Discovery.