**Israel McBRIDE, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1284–91.

Court of Criminal Appeals of Texas, En Banc.

June 24, 1992.

Rehearing Denied Oct. 14, 1992.

W. Clay Abbott, court appointed on appeal, Lubbock, for appellant.

Travis S. Ware, Dist. Atty. and Michael West, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted of possession of a controlled substance pursuant to Tex. Health & Safety Code Ann. § 481.112. The jury assessed punishment at confinement for life. Tex. Penal Code Ann. § 12.42(d). The Court of Appeals affirmed. *McBride v. State*, No. 3–90–002–CR, (Tex.App.— Amarillo 1991, delivered September 30, 1991) (not published). We granted appellant's petition to review the Court of Appeal's determination that appellant was not entitled to the appointment of a chemist to assist in his defense.[1] We will reverse.

### I.

Appellant was charged with possession of a controlled substance, namely cocaine, in an amount less than 28 grams. Appellant filed an affidavit of indigence requesting the appointment of counsel.[2] Based

---

1. Specifically, appellant's sole ground for review states:

The trial court erred in refusing to grant appellant's pre-trial motion for the appointment of an investigator/chemist and thereby denied him due process and effective assistance of counsel as guaranteed by the U.S. Constitution.

2. Specifically, appellant's affidavit states:

I, the undersigned defendant in the above-styled and numbered cause, having been first

upon that affidavit, the trial judge found appellant was "too poor to employ counsel" and appointed counsel to represent appellant.[3] Shortly thereafter, appellant's attorney filed a "Motion for the Appointment of an Investigator/Chemist" requesting a chemist "to conduct the necessary scientific and other examinations of evidence in this case."[4] At the hearing on his motion, appellant argued that an expert was necessary to perform a qualitative analysis of the controlled substance alleged in the indictment. The State argued that a qualitative analysis was irrelevant and the trial judge overruled appellant's motion.

## II.

■ The threshold issue is whether a criminal defendant has a right to inspect the physical evidence to be used against him.[5] Tex.Code Crim.Proc.Ann. art. 39.14 which governs the inspection of any evidence in a criminal case provides in part:

> Upon motion of the defendant showing good cause therefor and upon notice to the other parties, the court in which an action is pending may order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statement of the defendant (except written statements of witnesses and except the work product of counsel in the case and their investigators and their notes or report), books, accounts, letters, photographs, objects or tangible things not privileged, which con-

stitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies. . . .

Art. 39.14 places a burden upon the defendant to show "good cause" for the inspection. The decision on what is discoverable is left to the discretion of the trial judge. *Quinones v. State*, 592 S.W.2d 933, 940 (Tex.Cr.App.1980). We will not disturb a trial judge's decision under art. 39.14 absent an abuse of discretion. However, the trial judge is required "to permit discovery if the evidence sought is material to the *defense* of the accused." *Quinones*, 592 S.W.2d at 941 (Emphasis in original).

In *Detmering v. State*, 481 S.W.2d 863 (Tex.Cr.App.1972), the defendant was charged with possession of LSD. Approximately two months prior to trial the defendant filed a motion to inspect the alleged controlled substance. The trial judge responded to the motion by permitting a visual inspection only. We held the trial judge reversibly erred by denying the defendant an opportunity to inspect the alleged substance. Specifically, we held:

> In his Special Commentary on Article [39.14], V.A.C.C.P., our present Presiding Judge said that, "If it is known that the State is planning to base its case on a fingerprint, bullet, pistol or rifle, book or record, the defendant can have his own expert *examine* the same under the safeguards provided." Although Judge Onion did not discuss drugs and although

---

duly sworn upon my oath depose and state: That I desire to be represented by counsel and that I am too poor to employ counsel to defend me herein.

**3.** Tex.Code Crim.Proc.Ann. art. 26.04(a) provides:

Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney

is relieved of his duties by the court or replaced by other counsel.

**4.** Tex.Code Crim.Proc.Ann. art. 26.05(a) provides in part:

A counsel . . . appointed to represent a defendant in a criminal proceeding . . . shall be reimbursed for reasonable expenses incurred with prior court approval for purposes of investigation and expert testimony. . . .

**5.** In *Detmering v. State*, 481 S.W.2d 863, 864 (Tex.Cr.App.1972), we interpreted inspection "to mean more than a visual examination of an object. Where the item on which the State bases its case is, for example, a drug, a visual examination would not always divulge anything of probative value."

the Legislature did not name drugs as one of the items which could be "examined" under the discovery statute, it is clear that such is a proper interpretation of the statute....

*Id.* at 864.

*See also, Terrell v. State,* 521 S.W.2d 618, 619 (Tex.Cr.App.1975) (failure to grant defendant's motion for discovery seeking an independent chemical inspection of the alleged controlled substance was reversible error).

Later, we interpreted the foregoing cases as providing the defendant with an absolute right to an independent inspection of evidence "indispensable to the State's case." *Bates v. State,* 587 S.W.2d 121, 131 (Tex.Cr.App.1979). In *Quinones,* the trial judge overruled the defendant's motion to evaluate a tape recording to determine its authenticity. We held:

> Appellant had no absolute right to a court-appointed independent expert to evaluate the tape. This absolute right has only been extended where the defendant requests an independent examination of the physical evidence of the criminal offense, such as drugs in a drug possession case. See *Terrell v. State,* 521 S.W.2d 618 (Tex.Cr.App.1975); *Detmering v. State,* 481 S.W.2d 863 (Tex.Cr. App.1972). Such evidence is legally "indispensable to the State's case." *Bates v. State,* [587 S.W.2d 121, 131 (Tex.Cr. App.1979)]. Tape recordings like the

one in this case, while very incriminating, are not so legally indispensable, id.; their exclusion from evidence would not affect the essential proof that appellant committed an offense.

*Quinones,* 592 S.W.2d at 942–943.

Based on these holdings, we find that a criminal defendant has a right to inspect evidence indispensable to the State's case because that evidence is necessarily material to the defense of the accused.[6] As the cocaine alleged in the indictment was indispensable to the State's case, appellant had a right to inspect that evidence.[7]

### III.

Having found appellant was entitled to inspect the substance alleged in the indictment, we now turn to appellant's ground for review to determine whether appellant was denied due process and effective assistance of counsel when the trial judge overruled appellant's motion for the appointment of an expert to inspect the alleged substance. As previously noted, appellant was determined to be indigent, therefore, appellant was unable to inspect the alleged substance without the assistance of a court appointed chemist.

In *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Supreme Court recognized "that in our adversary system of criminal justice, any person

---

**6.** We note that this may be a qualified right in cases where the evidence is not available for inspection such as when the evidence has been destroyed in the process of analysis. *Lake v. State,* 577, S.W.2d 245, 246 (Tex.Cr.App.1979).

**7.** The Court of Appeals held that appellant failed to show materiality because neither the purity of the drug, nor its concentration of the substance, was material and "the possibility that the independent analysis appellant sought might have shown the substance was mostly aspirin does not, in the context of the entire record, show materiality." *McBride,* slip. op. at 8.

In his dissent, Justice Poff contended the good cause required under art. 39.14 is satisfied when the controlled substance to be examined is the same substance alleged in the charging instrument. Justice Poff argued "[t]he fact that the item sought to be examined is the linchpin of the State's case makes the accuracy of the analy-

sis a material part of every such case." We agree. The "purity" of the substance was material to the defense appellant raised at trial. Appellant had been beaten and was found unconscious on the side of the road by a Lubbock Police Officer. Prior to the arrival of emergency medical personnel, the officer searched appellant's clothing and discovered a substance which later tested positive for cocaine. Appellant was subsequently indicted for the instant offense. At trial, appellant maintained that he had been beaten and robbed and the cocaine had been planted by another to avoid prosecution for the assault of appellant. Appellant contended a quantitative analysis revealing an extremely low concentration of cocaine would support his defensive theory.

Additionally, the indictment alleged appellant intentionally and knowingly possessed the alleged cocaine. The purity of the controlled substance could also support the defensive theory of lack of intent or knowledge.

haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." The Sixth Amendment to the United States Constitution provides the fundamental right to effective assistance of counsel and that right is constitutionally required in state courts under the Fourteenth Amendment to the United States Constitution. The Court stated:

> From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trial before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him.

*Gideon,* 372 U.S. at 344, 83 S.Ct. at 796–797.

More than twenty years later, the Supreme Court, in *Ake v. Oklahoma,* 470 U.S. 68, 76, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53 (1985), held:

> This Court has long recognized that when a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense. This elementary principle, grounded in significant part on the Fourteenth Amendment's due process guarantee of fundamental fairness, derives from the belief that justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake.

■ From these cases we conclude that, to meaningfully participate in the judicial process, an indigent defendant must have the same right to inspection as a non-indigent defendant. This conclusion is supported by Tex.Code Crim.Proc.Ann. art. 26.05(a) which provides that appointed counsel shall be reimbursed for expenses incurred for purposes of investigation and expert testimony. See n. 3, *supra.*

However, we believe this right to inspection is *not* an unlimited right requiring the trial judge to grant inspection of the substance alleged in the indictment. It is unnecessary for the right of inspection to be so expansive as there are many instances where there will be no need for such an investigation. For example, in cases which are dismissed by the State, or no-billed by the grand jury, an indigent defendant has no need to inspect the alleged controlled substance. However, when the case is reasonably certain to proceed to trial, the trial judge should, upon request, permit inspection of the substance alleged in the indictment. We believe that to hold that an indigent defendant has an absolute right to inspect the substance alleged in the indictment, in all cases, could unduly tax the financial resources of the County.

Accordingly, the trial court erred in overruling appellant's "Motion for the Appointment of an Investigator/Chemist." The judgment of the Court of Appeals is vacated and the cause is remanded to that Court to determine whether the error is *subject to* a harm analysis pursuant to Tex. R.App.P. 81(b)(2).

McCORMICK, P.J., and MILLER, J., concur in the result.

CAMPBELL and BENAVIDES, JJ., concur in the result only, believing that, given the nature of the defense offered by appellant (that the controlled substance was planted on his person), the trial court wrongfully overruled appellant's "Motion for the Appointment of an Investigator/Chemist."