**Emmitt Thurston BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01-93-00076-CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 21, 1993.

Brian Benken, Houston, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter, George Bell, Houston, for appellees.

Before HEDGES, COHEN and MIRABAL, JJ.

## OPINION

HEDGES, Justice.

Following a jury conviction of cocaine possession, the trial court found the two enhancement paragraphs of the indictment true and sentenced appellant to 25–years in prison. In three points of error, appellant asserts that the evidence of cocaine should have been suppressed; that the trial court should have submitted a jury instruction on probable cause for his arrest; and that the trial court should have appointed a chemist to perform an independent analysis of the cocaine. We affirm.

On March 14, 1992, Officers Scott and Green from the Houston Police Department were patrolling an area near the University of Houston. Officer Scott saw appellant sitting on the front porch of an abandoned house with his hands cupped in front of his face. A woman was sitting one and one-half feet from appellant. When appellant saw the officers, he stepped back toward the house. Officer Green left the patrol car to investigate, while Officer Scott remained in the car. As Officer Green approached the house, appellant tried to walk away. The woman stood up, and a crack pipe dropped to the ground between her legs. Officer Green picked up the pipe and noticed that it was warm.

Officer Green asked appellant if he lived in the house, and appellant responded that he did not. When Officer Green asked appellant for some identification, appellant became combative, yelling profanities at Officer Green. Officer Scott joined the group when he heard raised voices. Officer Green noted that appellant's speech was slurred and that his behavior was uncontrollable, abusive, and erratic. He arrested appellant for public intoxication.

The officers took appellant to the identification division, where Officer Green inventoried appellant's property. In appellant's wallet, Officer Green found a small baggie containing a white residue. His field test on the residue tested positive for cocaine. A later laboratory analysis showed that the baggie contained .4 milligrams of pure cocaine.

In point of error one, appellant claims that the trial judge erred in denying his motion to suppress because his arrest for public intoxication lacked probable cause. Therefore, the cocaine seized as incident to the unlawful arrest should have been suppressed. We disagree.

At the hearing on a motion to suppress, the trial judge is the sole and exclusive

fact finder and may choose to believe or disbelieve any or all of the witnesses' testimony. *Johnson v. State,* 803 S.W.2d 272, 287 (Tex.Crim.App.1990). Because the trial judge is the sole fact finder at a suppression hearing, we are not at liberty to disturb any finding supported by the evidence in the record. *Id.* On appellate review, we address only the question of whether the trial court improperly applied the law to the facts. *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim.App.1990).

■ A person commits the offense of public intoxication if he appears in a public place under the influence of alcohol or any other substance to the degree that he may endanger himself or another. TEX.PENAL CODE ANN. § 42.08(a) (Vernon 1989). In determining whether the officers had probable cause to arrest appellant for public intoxication, the question before us is whether the officers' knowledge at the time and under the circumstances would warrant a prudent person's belief that appellant had committed or was committing the offense. *Britton v. State,* 578 S.W.2d 685, 689 (Tex.Crim.App.1978), *cert. denied,* 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979).

Relying on *Commander v. State,* 748 S.W.2d 270, 271 (Tex.App.—Houston [14th Dist.] 1988, no pet.), appellant contends because the abandoned house was a private residence and not a public place, the evidence failed to show that appellant was in a public place when he was arrested. A public place is defined as "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops." TEX.PENAL CODE ANN. § 1.07(a)(29) (Vernon 1974).

■ In *Commander,* the appellant was arrested in the driveway of an occupied house while waiting for two friends, who were invited guests at the residence. The court of appeals found that neither a private residence nor its yard or driveway has been construed to be a public place. 748 S.W.2d at 271. The facts in *Commander* are distinguishable from the facts in this case. The

evidence here shows that the police have received complaints about the number of individuals hanging around or having access to the numerous boarded-up and abandoned houses in this vicinity. Officer Green had personal knowledge that the houses were abandoned. Appellant told Officer Green that he did not reside at the property. The evidence supports a finding that appellant was in a public place when he was arrested.

■ The evidence presented at the suppression hearing also supports a finding that appellant was intoxicated and that he might have endangered himself or another. Officer Green testified that he based his opinion that appellant was intoxicated on appellant's slurred speech, his abusive and combative behavior, and his general demeanor. Officer Green also testified he believed that, based on appellant's behavior and demeanor, appellant would harm himself or someone in the community if he were allowed to stay on the street. The evidence supports the judge's ruling at the suppression hearing that Officer Green had probable cause to believe that appellant was committing the offense of public intoxication.

We overrule point of error one.

■ In point of error two, appellant complains that the trial court erred in refusing to submit a jury instruction allowing the jury to consider the issue of probable cause for appellant's arrest. Appellant requested the trial judge to instruct the jury that if they found appellant was not intoxicated at the time of his arrest, then the cocaine seized during his arrest for public intoxication should not be considered for any purpose. The trial judge refused this instruction because the only evidence presented at trial was that appellant was intoxicated when he was arrested.

■ Article 38.23(a) of the Texas Code of Criminal Procedure requires the jury to decide the lawfulness of an arrest or search only when the facts regarding that arrest or search are in controversy. *Thomas v. State,* 723 S.W.2d 696, 707 (Tex.Crim.App.1986); *Marrs v. State,* 647 S.W.2d 286, 289 (Tex. Crim.App.1983). When there is no factual dispute whether probable cause existed, no instruction is required. *Gaffney v. State,* 575 S.W.2d 537, 542 (Tex.Crim.App.1978).

Officer Scott testified that appellant was very combative and screamed profanities at Officer Green. Officer Scott noted that appellant's eyes were red and that appellant appeared to be perspiring a little. Based on his observations and experience with people suffering from cocaine intoxication, Officer Scott opined that appellant was intoxicated and that he was a threat to himself, the public, and the officers. Officer Green testified that appellant's speech was slurred and that his behavior was hostile, uncontrollable, and erratic. In Officer Green's opinion, appellant was publicly intoxicated. Neither officer wavered in his opinion on cross-examination. Appellant did not testify or call any defense witnesses. Because the evidence of appellant's public intoxication was uncontroverted, the trial judge properly refused appellant's instruction.

We overrule point of error two.

■ In his third point of error, appellant contends that the trial judge reversibly erred when he denied appellant's motion to have an independent analysis performed on the cocaine seized following his arrest. Interpreting this point of error as referring to the appointment of an expert under TEX.CODE CRIM.P.ANN. art. 26.05(a) (Vernon 1992), we find that appellant has failed to show the trial court abused its discretion in refusing appellant's request for a chemist. The record contains neither the motion appellant filed nor any evidence submitted in support of the motion. Appellant has failed to demonstrate any evidence in the record establishing harm arising from the trial court's ruling. *See Stoker v. State,* 788 S.W.2d 1, 17 (Tex. Crim.App.1989), *cert. denied,* 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990).

■ Moreover, appellant has not shown himself entitled to an inspection of the cocaine. If a defendant shows good cause in a motion to the court and gives notice of his motion to all parties, a trial judge may order the State before or during trial to produce and permit the inspection and copying of evidence. TEX.CODE CRIM.P.ANN. art. 39.14 (Vernon 1979). A defendant has the burden to show "good cause" for the inspection, and the decision on what is discoverable is left to the discretion of the trial judge. *McBride v. State,* 838 S.W.2d 248, 250 (Tex.Crim.App.

1992). In the absence of abuse of discretion, we will not disturb a trial judge's decision. *Id.* The trial judge is required to allow discovery, however, if the evidence is material to a defendant's defense. *Id.* Consequently, a criminal defendant has a right to inspect evidence indispensable to the State's case because the evidence is necessarily material to his defense. 838 S.W.2d at 251.

■ The right to inspect evidence is qualified, however, in cases "where the evidence is not available for inspection such as when the evidence has been destroyed in the process of analysis." 838 S.W.2d at 251 n. 6. Because the evidence at trial showed that the .4 milligrams of cocaine were destroyed during the police lab analysis, appellant was not entitled to an inspection of the cocaine that no longer existed. *Lake v. State,* 577 S.W.2d 245, 246 (Tex.Crim.App.1979), *cited in McBride,* 838 S.W.2d at 251 n. 6. The trial judge did not err in denying appellant's motion.

We overrule point of error three.

We affirm the judgment of the trial court.