Israel McBRIDE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 07–90–0251–CR.

Court of Appeals of Texas,
Amarillo.

March 11, 1994.

W. Clay Abbott, Lubbock, for appellant.

Travis Ware, Dist. Atty., Michael West, Appellate Chief, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

*ON REMAND*

REYNOLDS, Chief Justice.

On original submission of the appeal of appellant Israel McBride, Jr., whom a jury found guilty of possession of less than 28 grams of a controlled substance, cocaine, and assessed his punishment at confinement for life, we determined that, inter alia, the trial court did not err in refusing to grant appellant's pretrial motion for appointment of a chemist, and affirmed the judgment with one justice dissenting. McBride v. State, No. 07–90–251–CR (Tex.App.—Amarillo 1991, pet'n granted) (not designated for publication). Upon further review, the Court of Criminal Appeals held the trial court erred in overruling appellant's motion, vacated our judgment, and remanded the cause to us "to determine whether the error is *subject* to a harm analysis pursuant to Tex.R.App.P. 81(b)(2)." *McBride v. State*, 838 S.W.2d 248, 252 (Tex. Cr.App.1992).

Upon remand, counsel for appellant and the State were called upon to, and did, file briefs. *Williams v. State*, 790 S.W.2d 336, 338 (Tex.Cr.App.1990); *Robinson v. State*, 790 S.W.2d 334, 335–36 (Tex.Cr.App.1990). The briefs contain citations of respectable authority for the opposing views of appellant and the State. In short, appellant earnestly urges that the error is not subject to a harm analysis or, alternatively, if it is, harm has been shown, and in either event, the judgment should be reversed and the cause remanded. As earnestly, the State urges that the error is subject to harm analysis and, because the denial of the motion was harmless error, the judgment should be affirmed.

Our determination is appropriately predicated upon the record in the light of the *McBride* court's opinion, and with consideration of the views of appellant and the State. The record reveals that appellant was found

unconscious by a police officer, who discovered on appellant's body a substance which, by later qualitative examination, contained the presence of aspirin and 0.60 grams of cocaine. Claiming he had been beaten and robbed, and the cocaine was planted by another to avoid prosecution for his assault, appellant, an indigent, sought the appointment of a chemist to independently examine the substance, arguing on appeal that proof of the substance as being mostly aspirin would reasonably support his defensive theory that the cocaine had been planted.

Originally, we observed that article 39.14, Texas Code of Criminal Procedure Annotated (Vernon 1979), is not couched in terms of an absolute right, but it permits a defendant's discovery upon a showing of good cause. However, noting that neither the purity of the cocaine nor its percentage of the substance was relevant to the commission of the offense, and the possibility an analysis might have shown the substance was mostly aspirin does not, in the context of the entire record, show materiality, a majority of the panel did not fault the trial court for determining that good cause did not exist for granting appellant's motion. Thereupon, appellant's contention was overruled, to which one justice dissented, arguing essentially that appellant had the right to an independent examination of the evidence indispensable to the State's case.

After a review of pertinent authorities, the Court of Criminal Appeals, agreeing with the dissenting justice, *see McBride v. State,* 838 S.W.2d at 251 n. 7, held "that a criminal defendant has a right to inspect evidence indispensable to the State's case because that evidence is necessarily material to the defense of the accused." *Id.* at 251. However, that right, the Court cautioned, may be qualified or limited in certain situations, none of which is material to this prosecution. *See id.* at 251 n. 6, 252.

Applying its holding, the *McBride* court further held:

> As the cocaine alleged in the indictment was indispensable to the State's case, appellant had a right to inspect that evidence.

*McBride v. State,* 838 S.W.2d at 251. The Court explained that the "purity" of the substance was material to the defense appellant raised at trial, and could also support the defensive theory of lack of intent or knowledge. *Id.* at 251 n. 7.

At the outset of our determination, it is important to note that we are not charged with deciding whether any denial of the right to inspect the State's physical evidence granted by article 39.14, *supra,* is subject to a harm analysis. Instead, we are instructed to determine whether in this cause the trial court's error in overruling appellant's motion for the appointment of a chemist is subject to a harm analysis. We hold that it is not.

We reach this determination because the Court of Criminal Appeals not only held that because the cocaine alleged in the indictment was indispensable to the State's case, appellant had a right to inspect the substance, *McBride v. State,* 838 S.W.2d at 251, but expressed that purity of the substance was material to the defensive theories appellant raised at trial. *Id.* at 251 n. 7. The practical result of the Court's pronouncements is that the facts of this cause made the application of article 39.14, *supra,* mandatory on the trial court. The failure of the trial court to comply with a mandatory statute is reversible error. *Beebe v. State,* 811 S.W.2d 604, 606 (Tex.Cr.App.1991). Moreover, any attempt to subject the error in this cause to a harm analysis would not be successful, for it would be extremely difficult, if not impossible, to ascertain with any degree of certainty the impact of the error on the jury. *Cf. Harris v. State,* 790 S.W.2d 568, 587 (Tex.Cr.App. 1989) (holding that in undertaking a rule 81(b)(2), *supra,* harm analysis, "the appellate court should calculate as much as possible the probable impact of the error on the jury in light of the existence of other evidence").

Accordingly, the judgment is reversed and the cause is remanded.