Opinion issued October 3, 2002












In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00910-CR






RALPH E. MOORE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 866,462






O P I N I O N A jury convicted appellant of robbery. After finding an enhancement
allegation that appellant had a prior felony conviction to be true, the jury assessed
punishment at 99 years in prison and a $10,000 fine. In his first point of error,
appellant contends the trial court erred in denying his motion for an expert to be
appointed on the issue of eyewitness identification, and in denying him the
opportunity, during the punishment phase, to cross-examine a witness for the State
regarding another robbery case, in which appellant was misidentified. Appellant also
contends the trial court's judgment and sentence do not reflect the jury's sentence. 
We affirm the trial court's judgment as modified.

Background


 On May 27, 2000, the complainant, Eduardo Perez, arrived home from work
around 3:00 a.m. Perez parked his truck in the parking lot of his apartment complex, 
got out of the truck, and began to walk to his apartment. Perez had called his wife on
his cell phone to let her know he was home, and, while they talked, she watched him
from their apartment window.

 Appellant and another man, Leonard Grant, approached Perez and asked him
for two dollars. Appellant then began to hit Perez and Grant began to kick Perez. 
Appellant took Perez's wallet, and then, along with Grant, got into a red car and
drove away. Perez jumped into his truck and followed the two men. Appellant
stopped the car suddenly, and Perez hit them from behind. Appellant ran from the
scene, and Grant lay injured next to the car. Perez's empty wallet lay on the ground
near Grant. 

 During the subsequent police investigation, a police officer spoke with Joe
Merchant, the owner of the red car. Merchant told the officer that appellant was
using the car on the day in question. Officers obtained a photograph of appellant, put
it in a photo array, along with photographs of five other men, and showed Perez the
photo array. Perez positively identified appellant as one of the men who robbed and
beat him. Grant testified at trial that he had been present during the robbery, and
appellant had robbed Perez.

Appointment of an Expert


 In points of error one and two, appellant argues the trial court erred when it
denied several pretrial motions, including his motion for the appointment of an
expert, motion for recovery of expert witness fees, and motion to reconsider motion
for the appointment of an expert. Appellant argues an expert was necessary for him
to prove his defense that eyewitness identification was unreliable, and, because he
was indigent, he was entitled to an appointed expert witness.

 In his motion for the appointment of an expert, appellant argued an expert
witness was necessary to challenge the State's eyewitness, who would identify
appellant as an actor in the offense, because counsel did not possess the knowledge
or expertise to address all of the "detailed and technical issues" involved in
investigating the case. Specifically, appellant argued the State intended to offer three
other robberies for enhancement purposes and expert testimony was necessary to
prove that eyewitnesses who had identified appellant were mistaken.

 The appointment of an expert witness rests within the sound discretion of the
trial court. Stoker v. State, 788 S.W.2d 1, 17 (Tex. Crim. App. 1989), disapproved
of on other grounds by Leday v. State, 983 S.W.2d 713 (Tex. Crim. App. 1998). We
may reverse the trial court's decision for an abuse of discretion only when it appears
that the court acted without reference to any guiding rules or principles. 
Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991). Even if we
would have reached a different result, we should not intercede as long as the trial
court's ruling was within the "zone of reasonable disagreement." Id. at 391. 

 In Ake v. Oklahoma, the United States Supreme Court held that, when a
defendant demonstrates to the trial judge that his sanity at the time of the offense is
to be a significant factor at trial, the State must, at a minimum, assure the defendant
access to a competent psychiatrist who will conduct an appropriate examination and
assist in evaluation, preparation, and presentation of the defense." 470 U.S. 68, 83,
105 S. Ct. 1087, 1097 (1985). The Texas Court of Criminal Appeals has extended
Ake to cases involving various types of experts. See, e.g., Rey v. State, 897 S.W.2d
333 (Tex. Crim. App. 1995) (pathologist in capital murder case); McBride v. State,
838 S.W.2d 248 (Tex. Crim. App. 1992) (chemist in controlled substance case). 

 In the Jackson decision, the Texas Court of Criminal Appeals addressed the
issue of when an expert witnesses had to be appointed for the defendant. Jackson v.
State, 992 S.W.2d 469 (Tex. Crim. App. 1999). The court held that because the
defendant in that case did not make a "preliminary showing of a significant issue of
fact on which the State would present expert testimony, and which the knowledge of
a lay jury would not be expected to encompass," and because the primary issue in that
case was the credibility of the defendant and a police officer, the defendant was not
entitled to appointment of an expert witness because the issue of credibility was
within the knowledge of a lay jury. Id. at 474. The Jackson court further noted that
a trial court does not err in refusing to appoint an expert witness to assist an indigent
defendant in rebutting a type of expert opinion that the State's witness did not
present. Id. at 474, n.5 (citing Griffith v. State, 983 S.W.2d 282 (Tex. Crim. App.
1998)).

 Here, appellant's motion stated that expert testimony was necessary to rebut
the State's eyewitnesses. However, although the State did, in fact, call eyewitnesses
to testify appellant perpetrated other offenses, the State did not present any expert
testimony regarding eyewitness identification. Here, as in Jackson, appellant did not
show that expert testimony would be presented by the State, and has given no
compelling reason as to why the credibility of the testifying eyewitnesses is not
within the knowledge of the jury. As such, the trial court did not abuse its discretion
in denying appellant's motion to appoint an expert regarding eyewitness
identification. We overrule points of error one and two.

Limitation of Cross-Examination


 In point of error three, appellant argues the trial court erred during the
punishment phase of the trial when it did not allow appellant to question a witness
about occasions when appellant had previously been misidentified.

 The State called Officer Nelson to offer testimony regarding an enhancement
offense. Officer Nelson testified she investigated a robbery of a Blockbuster video
store on May 8, 2000. She testified she showed Sean Moore, one of the Blockbuster
employees, a photo array and a video lineup, and that Moore identified appellant as
the robber. (1) On cross-examination, defense counsel attempted to ask the following
questions, all of which related to the robbery of a Pay Less store:

Defense counsel: Okay. In your experience investigating robberies in general, have
you been known for [sic] misidentifications to take place? Have
you ever experienced that on a somewhat regular basis?


Prosecutor: I object to relevancy as to punishment in this case.

The Court: Sustained.

Defense counsel: Well, Your Honor, the State has made it relevant by attempting to
introduce other unadjudicated offenses. This is the only
opportunity I have to show that it was not Mr. Moore who took
part in that unadjudicated offense.


The Court: Sustained as to that question.

Defense counsel: In the course of your identification - I'm sorry. In the course of
your investigation of HPD incident number 41937900Z, that
would be case No. 846638 [the robbery of a Pay Less store]-


Prosecutor: Object to relevance of that, Judge.

 The parties approached the bench, and continued their discussion:

Defense counsel: This is the case that was dismissed because the defendant was
identified. This officer was the investigating officer. The
defendant was identified by the complaining witness absolutely
conclusively as the actor in that case, but it turned out the
defendant was in jail at the time.


Prosecutor: I object to the relevancy.

The Court: Sustained.

 Subsequently, defense counsel asked:

Defense counsel: But that is not the first time the defendant has been identified by
someone pursuant - for instance, in the Pay Less case -


Prosecutor: Object to relevancy.

The Court: Sustained.

Defense counsel: Has this defendant ever been misidentified?

Prosecutor: Objection, relevancy.

The Court: Sustained.

 Appellant contends the trial court erred in not permitting the jury to hear about
the previous occasions where appellant had been misidentified. 

 The Confrontation Clause to the Sixth Amendment affords defendants the right
to confront witnesses against them through cross-examination. U.S. Const. amend.
VI; Lagrone v. State, 942 S.W.2d 602, 613 (Tex. Crim. App. 1997). However, the
trial court maintains broad discretion to impose reasonable limits on cross-examination. Lagrone, 942 S.W.2d at 613. In particular, a trial court may restrict
cross-examination to avoid harassment, prejudice, confusion of the issues,
endangering the witness, and the injection of cumulative or collateral evidence. Id. 
The trial court's decision to restrict cross-examination of a witness is not subject to
reversal absent a clear abuse of discretion. See Cantu v. State, 939 S.W.2d 627, 635
(Tex. Crim. App. 1997).

 Evidence must be relevant to be admissible; evidence that is not relevant is not
admissible. Tex. R. Evid. 402. "Relevant evidence" means evidence having any
tendency to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the evidence. 
Tex. R. Evid. 401.

 Ordinarily, evidence of offenses committed by parties other than the defendant
is inadmissible because it is irrelevant. Richardson v. State, 744 S.W.2d 65, 80 (Tex.
Crim. App. 1987), vacated and remanded on other grounds, 492 U.S. 914 (1989). 
The evidence is not admissible if it is neither inconsistent with, nor precludes, the
defendant's guilt. Id.; Franklin v. State, 693 S.W.2d 420, 431 (Tex. Crim. App.
1985). In this case, appellant proffered evidence that an eyewitness misidentified him
during the investigation of a robbery of a Pay Less store (an extraneous offense the
prosecution was not attempting to use for enhancement). Because he was
incarcerated at the time of the Pay Less robbery, appellant could not have committed
it and the charges related to that offense were dismissed. In this case, however,
appellant presented no evidence of an alibi defense to the Blockbuster robbery and
there was no evidence that anyone other than appellant committed the robbery. The
trial court could have reasonably concluded that the fact appellant was incarcerated
and, therefore, could not have committed the Pay Less robbery, even though an
eyewitness identified him, was not relevant to whether he was properly identified in
the Blockbuster robbery. This is especially true where, as here, appellant offered no
evidence that he could not have committed the offense or that someone else did. 
Therefore, the trial court did not abuse its discretion when it refused to allow
appellant to cross-examine Officer Nelson on the topic of appellant's
misidentification with respect to the Pay Less robbery.

 We overrule point of error three.

Error in the Judgment and Sentence


 In point of error four, appellant argues the judgment and sentence do not
comport with the jury's verdict. Appellant and the State agree that the jury assessed
punishment at 99 years in prison and a $10,000 fine. The judgment and sentence state
the sentence was life in prison and a $10,000 fine. Accordingly, we sustain point of
error four and modify the judgment and sentence pursuant to Texas Rule of Appellate
Procedure 43.2(b) to reflect the correct punishment.

Conclusion

 We affirm the judgment as modified.


 


 Sherry J. Radack

 Justice

Panel consists of Justices Nuchia, Jennings, and Radack. 

Do not publish. Tex. R. App. P. 47.4.
1. Sean Moore and Donald White (the Blockbuster employees who witnessed the
robbery) also testified during the punishment phase of appellant's trial. They
both testified that appellant approached them and demanded money from the
cash registers. Appellant had one hand under his shirt and, because they
believed appellant had a weapon, Moore and White gave him the money. The
videotape from the Blockbuster surveillance camera that depicted the robbery
was also entered into evidence.