NO. 07-02-0255-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 24, 2003

_____

BILLY J. SKIPPER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-435438; HONORABLE CECIL PURYEAR, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Billy J. Skipper challenges his conviction for aggravated sexual assault. He presents two issues, challenging the trial court's admission of scientific evidence and its failure to prevent improper jury arguments by the prosecutor. Finding no reversible error, we affirm.

Appellant does not challenge the sufficiency of the evidence so we review only the facts necessary to a discussion of the issues raised. In 1999, appellant was married to Jackie Skipper and the couple lived in his house with Jackie's daughter Rebecca. In August 2000, a doctor told Jackie that Rebecca was pregnant. After questioning, Rebecca related that shortly before her 12th birthday in December 1999, she was home alone with appellant, who had been drinking, and that he had come into her room and sexually assaulted her.

Law enforcement authorities were notified and conducted interviews with Rebecca and Jackie. Rebecca gave birth on October 9, 2000. In November 2000, appellant voluntarily provided a DNA sample for comparison with samples from Rebecca and her child. The samples were taken in Lubbock and tested in a Dallas laboratory. Based on the results of those tests, appellant was indicted for the felony offense of aggravated sexual assault in January 2001. Trial was to a jury in April 2002, at which the jury found appellant guilty and assessed punishment at life imprisonment and a $10,000 fine.

Appellant's first issue assigns error to the trial court's overruling his objection to the introduction of the oral swabs used to collect the DNA evidence. He cites as authority the discussion in *Jackson v. State*, 17 S.W.3d 664 (Tex.Crim.App. 2000), in which the Court of Criminal Appeals made reference to its holding in *Hollowell v. State*, 571 S.W.2d 179 (Tex.Crim.App. 1978), that evidence willfully withheld from disclosure under a discovery order should be excluded from the trial. *Jackson*, 17 S.W.3d at 673.

We initially note appellant's brief contains no citation to the record where his discovery request appears. *See* Tex.R.App.Proc. 38.1(h). Our examination of the record reveals a discovery motion requesting production of twenty-three numbered categories of items. None of the items expressly seek production of DNA samples or the materials used to collect cell samples for testing.

The record reflects that appellant's discovery motion was heard by the trial court at a pretrial hearing in October 2001. At the hearing, the prosecutor noted her office had an open file policy and defense counsel had a copy "of everything that I have in my possession right now." She also stated "I believe there's DNA results in this case, and we do have those in the file as well, and we'll make those available to defense counsel." Following the prosecutor's remarks, the trial court stated, "The Court will show then that the Motion for Discovery, Production and Inspection of Evidence will be granted by the Court." No written order granting the motion was entered.

At trial, appellant's counsel objected to admission into evidence of the three vials containing the swabs and the bag in which they were contained, asserting that the State had failed to "turn over" the swabs in accordance with the discovery motion granted by the court so that he could conduct independent tests on the DNA samples. Appellant's counsel acknowledged the State's open file policy, but stated that the vials themselves were not in the file. He argued that the swabs should have been produced in response to the item in his motion requesting "All objects and tangible property taken by the State from the defendant, including but not limited to the following: a. clothing, b. personal property." The

3

prosecutor responded that the swabs had remained at the Dallas laboratory following testing, and that appellant had copies of the reports giving the test results and had never asked for independent testing. The trial court overruled the objection to the admission of the swabs.

Appellant argues on appeal that the State's failure to make the DNA samples available to him without further request on his part amounted to the willful withholding of the samples. We cannot agree. The swabs cannot reasonably be said to be covered by the discovery request cited by appellant at trial. *Cf. Terrell v. State*, 521 S.W.2d 618 (Tex.Crim.App. 1975) (motion expressly requested access to controlled substance for independent testing). Even if the swabs are viewed as objects or items of tangible property taken by the State, the swabs containing cell samples from Rebecca and the child were not taken from appellant and are thus clearly outside the scope of the request.[1] Given the lack of a clear request for them, the actions of the prosecution did not amount to the willful withholding of the samples. The State referred specifically to the DNA test results during the pretrial hearing at which the discovery motion was considered, some five months before trial. The record does not reflect that the subject was raised again until the samples were offered into evidence at trial. Under those circumstances, the trial court did not err by overruling appellant's objection to admission of the swabs.

---

[1]Appellant's discovery motion also contained an item encompassing reports pertaining to "blood, other body fluids, breath, [or] hair." It is undisputed that appellant had been provided a copy of the report from the State's expert.

At points in the section of his brief presenting his argument on this issue, appellant characterizes his trial objection as one objecting to the admission of DNA testimony by the State's expert witness. The record does not reflect that appellant objected to admission of the expert's testimony, or to admission of the expert's report. As noted, appellant's counsel objected at trial to the admission into evidence of the three vials containing the three oral swabs by which cell samples were taken from the mouths of appellant, Rebecca and her child, and of the bag containing the vials. Even if the trial court's ruling on admission of the swabs was error, it was rendered harmless because appellant made no objection to the testimony of the State's expert that appellant was the father of Rebecca's child. It is well established that objections to the admission of evidence are waived when substantially similar evidence is admitted without objection. *See Brosky v. State,* 915 S.W.2d 120, 135 (Tex.App.--Fort Worth 1996, pet. ref'd)*, cert. denied,* 519 U.S. 1020 (1996)*.* We overrule appellant's first issue.

Appellant's second issue assigns error to the trial court's failure to prevent the State from making improper jury argument during the punishment phase of the trial. Appellant concedes no objections were raised at trial to the prosecutor's arguments but urges for policy reasons that the prosecutor's arguments should be treated as structural error not requiring preservation by objection. The rules that govern our review include the mandate of Rule 33.1 of the Texas Rules of Appellate Procedure that preservation of a complaint for appellate review requires a contemporaneous objection. Tex.R.App.Proc. 33.1. This rule applies to complaints of improper jury argument. *Mathis v. State*, 67 S.W.3d 918

5

(Tex.Crim.App. 2002)*; see Cockrell v. State*, 933 S.W.2d 73 (Tex.Crim.App. 1996), *cert. denied*, 520 U.S. 1173 (1996).  In *Mathis*, the court declined to overrule *Cockrell*, which the court described as "perfectly in line with Rule of Appellate Procedure 33.1 and the policies underlying preservation of error." 67 S.W.3d at 927.  We must conclude that any errors arising from improper prosecutorial argument were not preserved for our review. We overrule appellant's second issue and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.