

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00416-CR

SAM MARSHALL                                                         APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

## FROM THE COUNTY COURT AT LAW OF COOKE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellant Sam Marshall appeals his conviction for speeding. Marshall, appearing pro se, complains of the discoverability of certain documents, the trial court's admission of hearsay evidence, the denial of his motion to dismiss for

---
[1]*See* Tex. R. App. P. 47.4.

lack of a speedy trial, the sufficiency of the evidence, and the State's jury argument.[2] We will affirm.

## II. Factual and Procedural Background

Texas Department of Public Safety Trooper Ryan Molsbee observed a blue Nissan driving on F.M. 922 in Cooke County. Believing that the Nissan was speeding, the trooper turned on his radar and confirmed that the Nissan was traveling sixty-eight miles per hour in a fifty-five-miles-per-hour zone. Trooper Molsbee stopped the Nissan and wrote a speeding ticket for the driver, Marshall.

Marshall pleaded not guilty and requested a jury trial in the justice of the peace court. The jury found him guilty and assessed a $175 fine. He was also ordered to pay court costs of $101. Marshall appealed to the county court at law and requested a jury trial.

At a pretrial hearing in the county court, the State presented evidence—via a minute order of the Texas Transportation Commission (the TTC) and testimony of an employee of the Texas Department of Transportation (the DOT)—that the DOT had conducted engineering and traffic investigations on several roads in Cooke County, including F.M. 922, and determined that the maximum prudent and safe speeds on those roads should be fifty-five miles per hour.

---

[2]Marshall lists nine "Issues Presented" in his brief, but he raises additional or different issues in his numbered "Summary of Argument" section. In the interest of justice, we will address the additional arguments not presented in his issues presented and will broadly construe the arguments raised throughout his brief. *See* Tex. R. App. P. 38.9.

At the jury trial in the county court, the State called Trooper Molsbee as its sole witness. Marshall did not call any witnesses. The jury found Marshall guilty of speeding and assessed a $200 fine. The trial court sentenced him accordingly and ordered that he pay court costs of $197.10. Marshall timely filed notice of appeal to this court.

### III. Discovery Complaints

In his first two issues, Marshall complains that the State failed to turn over to him certain discoverable documents pursuant to his motion for discovery. Marshall filed a motion for discovery of, among other things, any investigative and engineering reports showing that it was unsafe to drive seventy miles per hour on F.M. 922 and any "85th percentile speed surveys" completed for that road "as required by both the Texas and Federal Manual on Uniform Traffic Control Devices (MUTCD)."

A defendant does not have a general right to discovery of evidence in the possession of the State, but he does have a right to evidence that is favorable to him and material to his guilt or punishment. *See* Tex. Code Crim. Proc. Ann. art. 39.14 (West Supp. 2011); *Quinones v. State*, 592 S.W.2d 933, 940 (Tex. Crim. App.), *cert. denied*, 449 U.S. 893 (1980); *Ex parte Adams*, 768 S.W.2d 281, 293 (Tex. Crim. App. 1989). Under article 39.14, upon notice and a showing of good cause by the defendant, a trial court must order the State to permit inspection of documents that constitute evidence material to any matter involved in the action and that are in the possession, custody, or control of the State or any of its

3

agencies. Tex. Code Crim. Proc. Ann. art. 39.14(a). A defendant has the burden of showing good cause for inspection, and the decision on what is discoverable is left to the discretion of the trial court. *McBride v. State*, 838 S.W.2d 248, 250 (Tex. Crim. App. 1992); *Bell v. State*, 866 S.W.2d 284, 288 (Tex. App.—Houston [1st Dist.] 1993, no pet.).

Marshall does not complain that he did not receive a copy of the TTC's minute order, which states that the DOT had conducted engineering and traffic investigations and determined that the speed limit on F.M. 922 should be fifty-five miles per hour. That minute order was introduced into evidence at the pretrial hearing. David Rohmer of the Wichita Falls office of the DOT testified that the DOT had set the speed limit for F.M. 922 by conducting a "drive-through," instead of an 85th percentile speed survey, in accordance with state law. He testified that someone with the DOT drove along F.M. 922, as well as all other farm-to-market roads in Cooke County, and determined that the speed limit should be fifty-five miles per hour.

Because no 85th percentile speed surveys were conducted, any documentation of such a survey does not exist and would therefore not be discoverable. *See* Tex. Code Crim. Proc. Ann. art. 39.14. Regarding any written reports of the engineering and traffic investigations conducted, the State told the trial court that the minute order was the only documentation it had in its possession regarding the speed limit for F.M. 922. And even if such documents existed and were in the State's possession, there is no showing or argument that

4

any investigative reports contain evidence material to Marshall's defense. *See id.*; *McBride*, 838 S.W.2d at 250; *Quinones*, 592 S.W.2d at 940–41; *Abbott v. State*, 196 S.W.3d 334, 346 (Tex. App.—Waco 2006, pet. ref'd). Thus, the trial court did not abuse its discretion by denying Marshall's motion for discovery. We overrule Marshall's first two issues.

## IV. Hearsay Objection

In his third issue, Marshall argues that the trial court abused its discretion by admitting hearsay evidence during a pretrial hearing on the State's motion in limine.[3] At the hearing on the motion, Rohmer testified about the drive-through method of setting speed limits, and the State asked whether he knew whether or not a drive-through was conducted in 1996. Rohmer responded, "According to that gentleman, that's what they did. They established the speed --" Marshall objected to hearsay, and the trial court overruled it.

Even assuming the trial court erred by overruling Marshall's hearsay objection, the introduction of that evidence was harmless. The minute order introduced into evidence stated that the DOT had conducted engineering and traffic investigations and recommended a speed limit of fifty-five miles per hour for F.M. 922 and that the TTC had set the speed limit in accordance with those investigations. *See* Tex. R. App. P. 44.2(b); *Mendoza v. State*, 69 S.W.3d 628,

---

[3]The State's motion in limine requested that the trial court order Marshall not to argue at trial that federal law controls the TTC's authority to alter speed limits because federal law did not apply.

634 (Tex. App.—Corpus Christi 2002, pet. ref'd) (holding hearsay evidence rendered harmless by introduction of same or similar evidence). We overrule Marshall's third issue.

## V. Speedy Trial

In his fourth issue, Marshall complains that the trial court erred by denying his motion to dismiss for lack of a speedy trial.

The right to a speedy trial is constitutionally guaranteed. U.S. Const. amend. VI; Tex. Const. art. I, § 10; *see Barker v. Wingo*, 407 U.S. 514, 515, 92 S. Ct. 2182, 2184 (1972); *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). In determining whether a defendant has been denied this right, a court must balance four factors: (1) length of the delay; (2) reason for the delay; (3) assertion of the right; and (4) prejudice to the accused. *Barker*, 407 U.S. at 530; *Johnson v. State*, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997). While the State has the burden of justifying the length of delay, the defendant has the burden of proving the assertion of the right and showing prejudice. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008).

Marshall was ticketed for speeding on September 11, 2010. He was tried and convicted in the justice of the peace court on January 26, 2011, and he filed notice of appeal that day. On August 25, 2011, Marshall moved for dismissal for lack of a speedy trial. At a pre-trial hearing on September 6, 2011, the trial court denied Marshall's motion.

6

Even assuming that the seven-and-one-half-month delay between Marshall's conviction in the justice of the peace court and his jury trial in county court triggered the *Barker* test, the record shows that, at Marshall's arraignment in county court on June 7, 2011, the trial court set the case for a jury trial on September 6, 2011. Nothing in the record suggests that Marshall asserted his right to a speedy trial at that time or at any other time until he filed his motion to dismiss. *See id.* at 283 (explaining that the failure to make repeated requests for a speedy trial supports an inference that the defendant does not really want a trial, but wants only dismissal, and that filing for dismissal instead of a speedy trial weakens a speedy-trial claim). Regarding prejudice to Marshall, he was not imprisoned, it is unlikely that he suffered much anxiety or concern over his impending misdemeanor trial for speeding, and he has not asserted that his defense was impaired by the delay. *See id.* at 285 (requiring that court analyze prejudice to defendant in light of defendant's interests that speedy-trial right was designed to protect: "(1) to prevent oppressive pretrial incarceration, (2) to minimize the accused's anxiety and concern, and (3) to limit the possibility that the accused's defense will be impaired")

Having reviewed the *Barker* balancing test as applied to the facts of this case, we hold that Marshall's right to a speedy trial was not violated. We overrule his fourth issue.

## VI. Documentary Evidence Not Presented At Trial

In his sixth, seventh, and eighth issues, Marshall complains that State failed to offer into evidence: (1) written certification that Trooper Molsbee had satisfied the continuing education requirements to be a state trooper, (2) radar or calibration logs for the radar on the trooper's vehicle, and (3) documentation that the tuning forks that Trooper Molsbee had used to calibrate his radar were accurate or tested.

At trial, Trooper Molsbee testified that he was current on his continuing education requirements for state troopers and for radar certification. He also testified that he calibrates the radar in his vehicle with tuning forks before and after each shift and that he did so on the day he stopped Marshall. He explained that he also internally calibrated his radar after stopping Marshall and that it was working properly.

On cross-examination, Marshall asked for documentation of the trooper's continuing education certification, for the trooper's calibration and radar logs, and for certification of the tuning forks. Trooper Molsbee did not have any of that documentation with him in court, and Marshall objected to the failure to produce such documentation. The trial court overruled Marshall's objections, explaining that the trooper's sworn testimony was admissible as proof of these facts and that he was not required to bring any documentation to trial unless subpoenaed to do so.

Article 24.02 of the code of criminal procedure specifically authorizes the issuance of a subpoena duces tecum directing a witness to produce in court writings or other things in his possession. Tex. Code Crim. Proc. Ann. art. 24.02 (West 2009). Marshall did not file a subpoena to require the trooper bring any documents with him to trial. And to the extent that Marshall argues that the State failed to meet its burden of proof or that the trial court improperly shifted the burden of proof to him by requiring him to subpoena these documents, the trooper's uncontroverted testimony was sufficient and the State was not otherwise required to offer written documentation to support the trooper's testimony. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (setting forth sufficiency standard of review); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (same); *see also Cromer v. State*, 374 S.W.2d 884, 887 (Tex. Crim. App. 1964) (explaining that officer's testimony that he had been trained to operate radar and test it for accuracy is sufficient predicate to support admission of radar evidence). We overrule Marshall's sixth, seventh, and eighth issues.

## VII.  Sufficiency of the Evidence

Marshall argues in arguments 5 and 6 of his "Summary of Argument" that the State should have offered into evidence the investigative and engineering report to prove that the speed limit on F.M. 922 was fifty-five miles per hour and that "[n]othing was shown to prove 70 MPH was not a safe and prudent speed limit as required by" the transportation code.

9

We will interpret Marshall's arguments as a challenge to the sufficiency of the evidence. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638.

Texas Transportation Code section 545.352(a) provides that "[a] speed in excess of the limits established by Subsection (b) or under another provision of this subchapter is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful." Tex. Transp. Code Ann. § 545.352(a) (West Supp. 2011). Subsection (b) sets a seventy-miles-per-hour speed limit on farm-to-market roads. *Id.* § 545.352(b)(2). However, section 545.353(a) allows the TTC to set lower prima facie speed limits than those listed in section 545.352. *Id.* § 545.353(a) (West Supp. 2011). That section provides,

> If the Texas Transportation Commission determines from the results of an engineering and traffic investigation that a prima facie speed limit in this subchapter is unreasonable or unsafe on a part of the highway system, the commission, by order recorded in its minutes, and except as provided in Subsection (d), may determine and declare:
>
> (1) a reasonable and safe prima facie speed limit; and
>
> (2) another reasonable and safe speed because of wet or inclement weather.

10

*Id.* The survey is not a necessary element of proof at a trial for speeding. *Thompson v. State*, No. 02-03-00438-CR, 2004 WL 541518, at *1 (Tex. App.— Fort Worth Mar. 18, 2004, no pet.) (mem. op., not designated for publication).

At trial, Trooper Molsbee testified that his radar detected that Marshall's vehicle was travelling at sixty-eight miles per hour and that the speed limit on that road was fifty-five miles per hour. Viewing all of the evidence in the record, including the uncontroverted testimony of Trooper Molsbee as to the prima facie speed limit on F.M. 922, in the light most favorable to the verdict, we hold that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638. We overrule arguments 5 and 6 of Marshall's "Summary of Argument."

## VIII. Jury Argument

In argument 8 in his "Summary of Argument," Marshall argues that the trial court improperly allowed the State to argue, over objection, that each element of the offense of speeding had been proven beyond a reasonable doubt. Marshall argues that "it was not up to the prosecution to decide if the facts were proved, but up to the jury."

To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim.

11

App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  A prosecutor may argue an opinion concerning issues in the case as long as the opinion is based on evidence in the record and does not constitute unsworn testimony.  *Wolfe v. State*, 917 S.W.2d 270, 281 (Tex. Crim. App. 1996).  Counsel may draw from the facts in evidence all inferences that are reasonable, fair, and legitimate, and as long as her argument is supported by the evidence and offered in good faith, she will be afforded latitude without limitation in this respect.  *Andujo v. State*, 755 S.W.2d 138, 144 (Tex. Crim. App. 1988).

Here, the State argued that no one contradicted its evidence that on September 11, 2010, Marshall operated a motor vehicle on a public highway—F.M. 922—at mile post 578 in Cooke County, Texas—"Didn't have anybody deny that.  Proved."  This argument was both a summation of Trooper Molsbee's uncontroverted testimony and a reasonable deduction from that testimony.  *See Andujo*, 755 S.W.2d at 144.  We overrule this argument.

## IX.  Waived Arguments

In his fifth issue, Marshall complains, "Appellant held to same high standards as a trained attorney."  In his ninth issue, Marshall argues, "Prosecution did not see that justice was done and tried to circumvent that law using trickery and deceit."  These issues do not raise any cognizable appellate issues for this court to address and are waived.  *See* Tex. R. App. P. 38.1(i).  We overrule Marshall's fifth and ninth issues.

12

## X. Conclusion

Having addressed all of Marshall's issues and arguments, we affirm the trial court's judgment.

PER CURIAM

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 14, 2012