**Michael Dave GRAYSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–05–00615–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 30, 2006.

Randall J. Ayers, Houston, TX, for Appellant.

William J. Delmore III, Carmen C. Mitchell, Assistant District Attorneys, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES and HANKS.

## OPINION

SAM NUCHIA, Justice.

Appellant was charged by indictment with aggravated sexual assault of a child under the age of 14. A jury found appellant guilty as charged and assessed punishment at confinement for 15 years. On appeal, appellant complains of being required to wear shackles before the jury and the prosecutor's closing jury argument.

We affirm.

### Trial in Shackles

In his first point of error, appellant contends that the trial court erred by overruling his objection to the trial judge's requirement that appellant proceed to trial before the jury while wearing shackles.

Prior to the commencement of voir dire, appellant's attorney made the following objection to the trial judge:

Mr. Grayson is charged with two first degree felonies of aggravated sexual assault of a child. He does have one prior conviction of possession of narcotics, of cocaine, and he's being shackled here in court, Judge. I don't think there's ever been any demonstrated—any evidence that he's showed that he is of a violent nature, Judge, or he's a risk to run away.

We object to him, for the record, having shackles put on him during the court trial, Judge. This is a jury trial. I think it's highly prejudicial and denies him the right to a fair trial in court. If the jury were to see him in leg irons, they would know that he is in custody. I think that would be an unfair trial for him, Judge.

The judge responded, "Denied. Let the record reflect that Mr. Grayson is seated in a position where it is impossible for any members of the panel to observe that he

is, in fact, shackled." There are no additional references to the shackles in the record.

■ The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment. *Estelle v. Williams,* 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). Under our system of criminal justice, the presumption of innocence is a basic component of a fair trial. *Id.* The harm an accused suffers when the jury sees him in shackles is that his constitutional presumption of innocence is infringed. *Moore v. State,* 535 S.W.2d 357, 358 (Tex.Crim.App.1976). All efforts should be made to prevent a jury from seeing a defendant in shackles unless there has been a showing that there are exceptional circumstances requiring a need for such restraints. *Long v. State,* 823 S.W.2d 259, 282 (Tex.Crim.App.1991). Under such exceptional circumstances, it is within the discretion of the trial court to require the defendant to be tried in restraints. *Id.* However, the record must clearly and affirmatively reflect the trial judge's reasons for placing the defendant in restraints. *Id.* The fact that a defendant is charged with a serious felony does not provide a basis for shackling that defendant during trial. *Id.* at 283. Likewise, a general concern for security is not sufficient. *Id.* The reasons must be stated with particularity. *Marquez v. State,* 725 S.W.2d 217, 227 (Tex.Crim.App.1987). We review the trial court's ruling for abuse of discretion. *Long,* 823 S.W.2d at 282.

In this case, there is nothing in the record to indicate that appellant was a security risk or that he had shown any tendency to violent behavior at trial. The trial judge did not attempt to state any reasons to support requiring appellant to be tried in shackles. Rather, he put on the record that the jury could not see those shackles. We hold that by requiring

appellant to be tried in shackles in the absence of any exceptional circumstances, the trial judge abused his discretion.

■ However, this holding does not end our inquiry. Consistent with rule 44.2 of the Texas Rules of Appellate Procedure, we must consider whether the trial court's error prejudiced appellant. *See* Tex. R.App. P. 44.2(a). Because the error implicated appellant's constitutional rights, we must reverse the judgment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *Id.*

In *Long,* a case with similar facts to this case, the Court of Criminal Appeals held that, because the judge took measures to prevent the jury from seeing the defendant's shackles, the judge's abuse of discretion did not prejudice the defendant. *Long,* 823 S.W.2d at 283. In the present case, there is nothing in the record to show that the jury saw appellant's shackles. The judge's statement that the shackles could not be seen by the jury was uncontradicted.

■ The State's brief has informed this Court that there are currently three additional cases on appeal from the same district court raising the same issue regarding the defendants' restraint during their trials. Those cases are *Wiseman v. State,* No. 01–05–00515–CR; *Davis v. State,* No. 14–05–00325–CR; and *Ramirez v. State,* No. 14–05–00435–CR. The Court of Criminal Appeals reaffirmed in *Moore v. State* what it first said in *Gray v. State:*

> We desire to make it perfectly plain that we regard a trial with the prisoner in irons as obnoxious to the spirit of our laws and all ideas of justice, and it is only when the record brings the case clearly within one of the rare exceptions that we would consent for a conviction to stand.

*Moore v. State,* 535 S.W.2d 357, 358 (Tex. Crim.App.1976) (quoting *Gray v. State,* 99 Tex.Crim. 305, 268 S.W. 941, 950 (1924) (op. on mtn. for reh'g)).  Requiring a criminal defendant to be tried in restraints without adequate reason is repugnant to the spirit of our laws and ideas of justice whether those restraints are visible or unseen.  Nevertheless, because this Court is bound by the precedent set by *Long,* we are constrained to hold that the trial judge's abuse of discretion was harmless.

**Closing Argument**

  In his second point of error, appellant contends that the trial court erred by overruling his objection to improper jury argument.  During closing argument at the guilt-innocence phase of the trial, the prosecutor argued that the bad judgment shown by various people associated with the complainant and the complainant's "crush" on appellant did not justify appellant's actions.  The following then occurred:

> THE STATE: When I was in the seventh grade I had a crush on my English teacher, Mr. Elizondo (phonetic).  I remember when we did Romeo and Juliet, I was so—
>
> COUNSEL FOR APPELLANT: Objection to the personal background, improper jury argument.
>
> THE COURT: Let's proceed.
>
> THE STATE: I remember I was so excited because I got to read the part of Juliet.  But don't you know Nick Elizondo, Mr. [Elizondo] did not do anything to this 12–year–old person that had a crush on him, because grownups should know better. . . .

To preserve error based on improper jury argument, a defendant must object and obtain an adverse ruling.  *Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App. 1996).  In this case, the trial judge did not make a ruling on appellant's objection. He simply said, "Let's proceed."  Thus, we have nothing preserved for review.

We overrule appellant's second point of error.

**CONCLUSION**

We affirm the judgment.