Affirmed and Memorandum Opinion filed August 15, 2006








Affirmed and Memorandum Opinion filed August 15, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00435-CR

____________

 

JULIAN GARCIA RAMIREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause No. 1022770

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Julian Garcia Ramirez, was convicted by a jury
of aggravated sexual assault of his five-year-old daughter, D.R., and received
a forty-five year prison sentence.  He asks this Court to reverse his
conviction and order a new trial because (1) he was forced to  proceed with a
jury trial while wearing leg shackles and (2) he was denied his constitutional
due process right to present a defense when the trial court refused to admit
alternative perpetrator evidence.  We affirm.








Appellant argues, in his first point of error, that being
forced to wear leg shackles throughout his jury trial impermissibly infringed
upon his constitutional right to due process and the presumption of innocence.

Before voir dire began, appellant=s attorney objected
to the fact appellant was forced to wear leg shackles.  Defense counsel stated
there is no showing appellant was a threat to anyone, and the shackling was
improper and prejudicial to appellant=s right to a fair trial. 
Appellant=s attorney expressed concern that the shackles would
be visible to any venire member called to the bench for questioning, and based
his objection upon denial of due process and equal protection under the federal
and state constitutions.  Defense counsel asked the court to remove appellant=s shackles in
light of the absence of any allegation or factual basis to justify the
shackling.  The prosecutor replied that appellant=s criminal
history, including manslaughter and two counts of assaulting a family member,
justified the restraints.[1]

The trial court
gave no reason for requiring appellant to wear shackles, and there is nothing
in the record to indicate appellant posed any threat during his trial. 
Instead, the following exchange ensued prior to bringing the jury panel into
the courtroom:

The Court:    Let the record
reflect that Mr. Ramirez is seated in a position where it is in the Court=s opinion impossible, absolutely
impossible for any member of the venire while seated in the courtroom, to tell
that Mr. Ramirez has leg irons.  When we bring jurors to the bench, Mr. Ramirez
will position himself in such a way where the leg irons would not be visible to
any potential veniremen.








[Defense]:    Let the record
reflect I=m standing where we would bring
potential jurors up to be questioned at the bench and that I can see from this
point the leg irons on Mr. Ramirez.  So, it=s not impossible for someone to see that.  I think it would
be impossible for him to position himself in any way, shape, or form from where
he is sitting to avoid that potential.  There=s no way to hide that, Judge.  When the jurors turn
around to go back to their seat out in the audience, they=re going to be able to see the leg
irons.

The Court:    Well, let the record
reflect when jurors at the bench are facing me, they will have their back to
your client, and we can put a box B your client can turn to the left, we put a box there, and
it will not be possible for any potential juror to . . . see the leg irons.

[Defense]:    I=ll state this for the record.  The
box has been placed there and B

The Court:    Hold on a minute. 
Mr. Ramirez, turn to your left, please.  Scoot forward toward the table.

The Bailiff:    Scoot up.

The Court:    See any leg irons
now?

[Defense]:    I=ll state for the record I do not.

The Court:    It=s impossible.  So, your objection is
overruled.

After the jury was
selected and before trial began the next day, appellant=s attorney renewed
his objection because there was no articulable reason for the shackling.

[Defense]:    I assume the Court is
going to maintain [the shackling] throughout the whole trial?

The Court:    Correct.

[Defense]:    So, any time the jury
is outside here and Mr. Ramirez is in the courtroom, he=ll be shackled; is that correct?

The Court:    Correct.

[Defense]:    Then I=d like to have a running objection
for the same reasons stated yesterday to that situation.

The Court:    You agree it=s impossible for the jury to see
these shackles?

[Defense]:    Well B

The Court:    Do you agree with
that?

[Defense]:    As he is sitting
right now, Judge, yes.

The Court:    Okay.

[Defense]:    Whether or not
something comes up B








The Court:    If something comes up, we=ll deal with it
when it comes up, but I intend for the jury to never to [sic] see these
shackles.

The
only other reference to the restraints was made prior to appellant=s testimony in
this case.  The trial court sent the jury out, allowed appellant to take the
witness stand, and asked appellant to position his feet so the jury could not
see his restraints.  When appellant finished testifying, the trial court
excused the jury before appellant left the witness stand.

A defendant=s due process right to the presumption of
innocence is seriously infringed when a jury sees him in handcuffs or
shackles.  Cooks v. State, 844 S.W.2d 697, 722 (Tex. Crim. App. 1992). 
A trial court should make all efforts to prevent the jury from seeing the
defendant in shackles, except where there is a showing of exceptional
circumstances or other manifest need for the restraint.  Long v. State,
823 S.W.2d 259, 282 (Tex. Crim. App. 1991); Clark v. State, 717 S.W.2d
910, 919 (Tex. Crim. App. 1986).  It is within the trial court=s discretion to
order a defendant to be tried in handcuffs or shackles.  Long, 823
S.W.2d at 282.

          When
reviewing this issue on appeal, we must determine whether the trial court
abused its discretion and, to assist in this determination, the record must
clearly and affirmatively reflect the reasons for the restraint.  Id. 
The crime charged or a general concern for courtroom security are not
sufficiently specific reasons to require shackles.  Id. at 283; see
also Jacobs v. State, 787 S.W.2d 397, 407 (Tex. Crim. App. 1990) (finding
trial court did not abuse discretion in requiring defendant to wear shackles
during trial even when record reflected some jurors saw restraints, as
defendant had a history of escapes and had expressed a wish to die rather than
be incarcerated for life).  If we find the trial court abused its discretion,
we must determine whether the error prejudiced appellant.  Tex. R. App. P. 44.2(a).  Because this
error implicates the appellant=s constitutional rights, we must reverse
the judgment unless we determine beyond a reasonable doubt that the error did
not contribute to the conviction.  Id.








Because the record contains no evidence or explanation for
requiring appellant to be tried in leg shackles, we find the trial court abused
its discretion.  We cannot, however, find this abuse prejudiced or harmed
appellant.  The record contains no indication that any venire member or juror
ever saw appellant=s restraints.  On the contrary, the trial
judge ensured the shackles were hidden behind a box, and appellant=s attorney twice
stated that he could not see appellant=s restraints.  We
find appellant was not harmed by the trial court=s order to
restrain him during trial.  See Grayson v. State, 192 S.W.3d 790, 793
(Tex. App.CHouston [1st Dist.] 2006, no pet.) (stating that
although requiring a criminal defendant to be tried in restraints without
adequate reason is repugnant to the spirit of our laws and ideas of justice,
appellate court was bound by precedent to find defendant was not harmed when
the record contained no evidence the jury ever saw defendant=s shackles). 
Appellant=s first point of error is overruled.

Appellant argues in his second point of error that he was
deprived of his right to present a defense when the trial court refused to
admit his alternative perpetrator evidence.








During trial, the court granted the prosecutor=s motion in limine
regarding defense evidence that appellant=s brother, David
Ramirez, had sexually assaulted other young girls.  During a hearing outside the
jury=s presence,
appellant=s sister, Linda Ybarra, testified that David had sex
with her when she was between two and five years old.  She also said David was
accused of sexually abusing children at the church where he was a minister. 
The defense also offered Maria Barrara=s testimony. 
Barrerra testified outside the jury=s presence that
David admitted to her that he sexually abused children at his church and that
he was in love with one eleven-year-old girl, as well as other girls.  The
defense argued this testimony showed David is an admitted child abuser, and
pointed out that D.R. and her younger brother were sent to live with David for
approximately one year after appellant was arrested in September of 2002.  The
defense used D.R.=s prior testimony that it did not hurt
when her father had sex with her, but that she experienced pain in the lower
part of her body Awhere [her] private part is@ when she was six
or seven years old, to argue this Ais some indication
that something may have been going on while she was living with David.@  Defense counsel
also noted that appellant was in jail when D.R. was six and seven years old.[2] 
The trial court denied the defense=s proffered
testimony without stating a reason.[3]

We review a trial court=s decision to
admit or exclude evidence for an abuse of discretion.  Ruth v. State,
167 S.W.3d 560, 566 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  A trial court
abuses its discretion when its decision lies outside the zone of reasonable
disagreement.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000).  AErroneous
evidentiary rulings rarely rise to the level of denying the fundamental
constitutional rights to present a meaningful defense.@  Potier v.
State, 68 S.W.3d 657, 663 (Tex. Crim. App. 2002).  There are two ways such
error might violate a defendant=s constitutional rights:  (1) by following
a state evidentiary rule that categorically and arbitrarily stops the defendant
from offering relevant, reliable evidence vital to his defense, or (2) by a
trial court=s clearly erroneous ruling excluding relevant,
reliable evidence that Aforms such a vital portion of the case
that exclusion effectively precludes the defendant from presenting a defense.@  Wiley v.
State, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002) (quoting Portier,
68 S.W.3d at 665).  Appellant=s argument falls into the second category.








Although the trial
court did not specify a reason for denying the defense=s proffered
testimony, the prosecutor originally moved to exclude this testimony on grounds
that, inter alia, it was unfairly prejudicial to the State=s case under Texas
Rule of Evidence 403.  We will uphold the trial court=s ruling to
exclude evidence if it is reasonably supported by the record and is correct on
any theory of law applicable to the case.  Villarreal v. State, 935
S.W.2d 134, 138 (Tex. Crim. App. 1996).  Appellant has not shown the trial
court=s ruling was
erroneous.  Trial courts making an evidentiary ruling under Texas Rule of
Evidence 403 must be sensitive to the special problems presented by alternative
perpetrator evidence when weighing the probative value of evidence against its
prejudicial effect.  Wiley, 74 S.W.3d at 406.  While a defendant has a
right to defend himself by showing someone else committed the crime, 

he still must show
that his proffered evidence regarding the alleged alternative perpetrator is
sufficient, on its own or in combination with other evidence in the record, to
show a nexus between the crime charged and the alleged Aalternative
perpetrator.@

Id.  Appellant has
shown no such nexus.  The fact David abused his sister Linda when she was
between two and five years old, or that he admitted to sexually abusing
children at his church, does not show he committed any crime against D.R.  This
is especially so when D.R. testified she was sure it was her father who Adid these things@ to her, even
though she has lived in many houses with many different people, including David
and other male adults.








Even if we were to find this testimony somehow tied David
to this crime, the evidence could not survive a Rule 403 balancing test due to
its highly speculative nature.  See id. at 407 (stating evidence that
another person may have assisted an unknown alternative perpetrator in
committing the crime is too speculative to survive Rule 403 balancing test). 
Nothing in the record suggests David ever sexually abused D.R.  The defense
asserts only that David abused other children and that the fact D.R.
experienced pain in the lower part of her body Awhere [her]
private part is@ during a time she lived with David may
indicate he abused D.R.  But D.R. consistently reported she was abused by her
father when she was five years old, not that she was abused by her uncle when
she was six or seven.  The record does not indicate what caused her pain when
she was six or seven years old, only that D.R. may have had a yeast infection
or mucus discharge at the time of her physical examination in September of
2004.  A defendant cannot offer unsupported speculation that another person may
have committed the crime; this speculative blaming increases the risk of
confusing the jury and invites a jury verdict based on emotion or prejudice.  Id.
at 407.  We find appellant established no nexus between David and the crime
charged, and that the threat of confusing the jury with speculative, meager
evidence was too high to properly admit it before the jury.  Appellant=s second point of
error is overruled.

We affirm the trial court=s judgment.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 15, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The manslaughter charge arose when a firearm
appellant was playing with accidentally discharged.  He initially received a
deferred sentence but spent three years in prison after he stopped reporting to
his probation officer.  The family member who was twice assaulted by appellant
testified for the defense during this trial.





[2]  Appellant=s
argument to this Court that trial testimony showed D.R. gave conflicting
accounts  of where the abuse occurred lacks support in the record.  Detective
Mark Morgan filed charges against appellant and erroneously listed D.R.=s address when she reported the abuse (a house) as the
location of the assault.  D.R., however, has consistently stated the abuse
happened in the apartment where she lived.





[3]  The State argues appellant has not preserved his constitutional
argument because he failed to make an objection on this ground at trial. 
During trial and pursuant to the State=s
motion in limine, counsel for the defense alerted the court before eliciting
this testimony outside the jury=s presence. 
Defense counsel also explained the defensive theory to show the testimony=s relevance before the trial court refused to allow
either witness= testimony into evidence.  To preserve error in the
exclusion of evidence, the complaining party must actually offer the evidence
or a summary of the evidence and secure an adverse ruling from the court. Tex. R. Evid. 103(a)(2); Tex. R. App. P. 33.1(a); Stewart v.
State, 686 S.W.2d 118, 122 (Tex. Crim. App. 1984) (explaining if there is
no showing of what the excluded testimony would have been, nothing is presented
for review); Fox v. State, 115 S.W.3d 550, 559 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (holding error properly preserved when record was
clear that the nature of the excluded evidence was apparent to everyone).  We
find appellant has properly preserved this issue for appeal.