Affirmed and Memorandum Opinion filed July 17, 2007








Affirmed and Memorandum Opinion filed July 17, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00458-CR

_______________

 

CALVIN DOWE MASTERS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 1045372

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

 








Calvin Dowe Masters appeals a
conviction for possession with intent to deliver a controlled substance
weighing more than 4 grams and less than 200 grams[1]
on the grounds that the trial court erred by: (1) having appellant shackled
during the trial; (2) admitting into evidence the cocaine seized during
appellant=s unlawful detention that appellant did not voluntarily abandon; (3) not
charging the jury pursuant to article 38.23 of the Texas Code of Criminal
Procedure; and (4) failing to charge the jury on a lesser included offense.  We
affirm.

                                                                   Background

In 2005, Officer Holmes was
dispatched on a call reporting an assault in progress of a black female by two
black males.  As he approached the scene, he saw appellant, another black male,
Whitmill, and a black female standing in a field next to a house.  Appellant
and Whitmill tried to leave the scene, but Holmes asked them to stop and return
to the scene to investigate the assault.  While walking toward Holmes, Whitmill
dropped a matchbox containing crack cocaine.  Holmes ordered Whitmill and
appellant on the ground and handcuffed Whitmill.  Appellant refused to stay on
the ground, attempted to walk away, and tried to get something out of his
pocket.  Suspecting that appellant might be retrieving a weapon, Holmes stunned
appellant with his taser.  Another officer arrived at the scene, and the two
officers were able to handcuff appellant.  While they were doing so, a
cigarette pack containing crack cocaine fell out of appellant=s pocket.

                                                                      Shackles

Appellant=s first issue contends that the trial
court erred by overruling his objection to being shackled during the trial
before the jury when no hearing was held to justify this extraordinary
procedure and it is impossible to ascertain whether appellant was harmed by the
constraint.








In support of this contention,
appellant=s brief contains no citations  to the record [2]
and although appellant cites to Grayson v. State, 192 S.W.3d 790 (Tex.
App.CHouston [1st Dist.] 2006, no pet.),
he does not explain how this authority supports his position.[3] 
If anything, Grayson does not support appellant=s contention because it held that
having the defendant shackled during trial was harmless because there was no
evidence that the jury actually saw the defendant=s shackles.  Id. at 792.  In
this case, the trial court similarly stated that it would be impossible for the
jury to see that appellant is leg-ironed if he keeps his feet under the table, and
there is no evidence that the jury could or did see that appellant was
leg-ironed.  Therefore, appellant=s first issue affords no basis for
relief and is overruled.

                                                          Admission
of Cocaine

Appellant=s second and third issues argue that
the trial court erroneously admitted the cocaine into evidence because it was
illegally seized and appellant did not voluntarily abandon it.

Appellant=s brief does not contain a citation
to the record showing that he objected to the admission of the evidence on the
grounds presented here.  Nor does appellant=s brief provide any legal argument
based upon the one authority cited in his brief.[4] 
Before voir dire, appellant=s counsel announced that he did not want to file a written
motion to suppress the cocaine based on an illegal search because he did not
feel it would be supported by the facts of the case, and the trial court
offered to take an oral motion to suppress with the trial.[5] 
At trial, the State offered the cocaine into evidence as its first exhibit. 
Although appellant objected to it based on a lack of predicate, he failed to
object on the ground that the evidence was inadmissible because it was
illegally seized or not voluntarily abandoned, as appellant now argues on
appeal.  Therefore, appellant=s second and third issues present nothing for our review and
are overruled.[6]

 

 








Jury Instruction

Appellant=s fourth issue contends that the
trial court erred by denying his request for a jury instruction under article
38.23 of the Texas Code of Criminal Procedure because there Awas a variance in the facts of the
circumstances of the seizure of the contraband.@

Article 38.23 provides that no
evidence obtained by an officer or other person in violation of the laws or
constitutions of Texas or the United States shall be admitted in evidence
against the accused on the trial of any criminal case.   Tex. Code Crim. Proc.
Ann. art. 38.23(a) (Vernon 2005).  It further provides that, where the evidence
raises such an issue, the jury shall be instructed that if it believes, or has
a reasonable doubt, that the evidence was obtained in violation of those laws,
then it shall disregard any such evidence.  Id.  Therefore, if a
defendant raises a factual dispute about whether evidence was illegally
obtained, an article 38.23 instruction must be included in the jury charge.  Pickens
v. State, 165 S.W.3d  675, 680 (Tex. Crim. App. 2005).

However, in support of this
contention, appellant=s brief does not provide any citation to the record and
provides only the following statements:

The Officer testified that Appellant started to walk
away from the scene when  he saw the Officer arrive.  He ordered Appellant back
to the scene and tasered and cuffed him when he did not respond to his
satisfaction.

Ms. Hutchins testified that Appellant was already
riding a pink bicycle away before the Officer=s arrival and that he ordered him back and immediately threw him to the
ground tasered and cuffed him.  Then the officer barged into her house and
confronted her with the red package that allegedly fell from Appellant=s pocket and tried to get her to admit that it was
hers.  It is clear from the recitation that the Officer never intended to
investigate the assault, if any there was.

Article 38.23 provides that no evidence illegally
obtained may be admitted in court and further that upon request the jury may be
charged to resolve any fact differences supporting the validity of the seizure
of the evidence.  If a fact difference is raised by the evidence the Court must
submit the issue to the jury.

 








(citations omitted).  These
statements do not provide any indication of what fact issue was raised that was
probative of whether the cocaine was obtained illegally.[7] 
Nor do these statements accurately present Hutchins=[8] or the police officer=s testimony.  Therefore, appellant=s fourth issue presents nothing for
our review and is overruled.

                                                        Lesser
Included Offense

Appellant=s fifth issue claims that the trial
court erroneously denied his request for an instruction on the lesser included
offense of possession of cocaine in an amount less than one gram.

To determine whether a
lesser-included offense may be submitted to a jury: (1) the elements of the
lesser offense must be established by proof of the same or less than all of the
facts required to establish the commission of the charged offense; and (2) some
evidence must exist in the record that would permit a jury to rationally find
that if appellant is guilty, he is only guilty of the lesser offense.  Hall
v. State, __ S.W.3d __, __ (Tex. Crim. App. 2007).








Again, appellant=s brief provides neither citations to
the record nor a legal argument based upon legal authority to support his
assertion that he was entitled to a lesser-included offense instruction.  See
Tex. R. App. P. 38.1(h); Bell,
90 S.W.3d at 305.  Additionally, because the chemist in this case testified
that he tested several of the nine rocks of cocaine from the package retrieved
from appellant and the rocks were all the same color and consistency, there is
no evidence of a smaller quantity of cocaine that would have entitled appellant
to the requested lesser-included offense instruction.  See Enriquez v. State,
21 S.W.3d 277, 278 n.1 (Tex. Crim. App. 2000).  Because appellant=s fifth issue thus presents nothing
for our review, it is overruled, and the judgment of the trial court is
affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed July 17, 2007.

Panel consists of Justices Yates,
Edelman, and Seymore.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury convicted appellant of the offense,
found two enhancement paragraphs true, and imposed a sentence of twenty-five
years.





[2]           See Tex. R. App. P. 38.1(h). 





[3]           See Bell v. State, 90 S.W.3d 301,
305 (Tex. Crim. App. 2002) (stating that it is incumbent upon the appellant to
cite specific legal authority and to provide legal arguments based upon that
authority).





[4]           See Bell, 90 S.W.3d at 305 (stating
that it is incumbent upon appellant to cite specific legal authority and to
provide legal arguments based upon that authority).





[5]           Upon the trial court=s offer to take an oral motion to suppress with the
trial, counsel answered: AThat=s what I was
hoping to do,@ and the trial court replied: AThat=s fine.@  However, no grounds were ever stated for any such motion.





[6]           See Tex. R. App. P. 33.1; Sorto
v. State, 173 S.W.3d 469, 476 (Tex. Crim. App. 2005), cert. denied,
126 S. Ct. 2982 (2006); Lane v. State, 151 S.W.3d 188, 192 (Tex. Crim.
App. 2004).





[7]           Pickens, 165 S.W.3d at 680 (holding
that, without a factual dispute, there is no requirement that the jury charge
include an instruction pursuant to article 38.23.).   





[8]           Hutchins neither testified that the police
officer threw appellant immediately or at any later time to the ground nor did
she testify that she saw the police officer taser appellant.  In fact, Hutchins
was unable to observe the entire incident because she was moving in and out of
her house.  The Officer testified that: (1) after appellant returned, he had
asked appellant to stay on the ground, but appellant would try to get up; (2)
appellant was attempting to walk away; (3) when he attempted to handcuff
appellant, appellant would not be still; (4) he pulled out a taser because
appellant was trying to get something out of his pocket; (5) because he did not
know if appellant was reaching for a weapon, he did a dry stun; (6) when backup
arrived, the two officers handcuffed appellant; and (7) while handcuffing
appellant, a cigarette pack fell out of appellant=s pocket containing white rock chunks, which the officers thought was
cocaine.