Opinion issued May 5, 2011.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00320-CR

———————————

Anthony Karl Brown, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 262nd District Court

Harris County, Texas



Trial Court Case No. 1237111

 



 

MEMORANDUM OPINION

A jury
found appellant Anthony Karl Brown guilty of possession of a controlled
substance and, after finding true two enhancement paragraphs, assessed the
punishment at twenty-five years’ confinement. See Tex. Health & Safety Code Ann. §§ 481.102(8) and 481.115(d) (West 2010).
On appeal, appellant contends that the trial court erred by (1) denying
his motion for continuance and authorization of funds to allow him to conduct
an independent analysis of the alleged controlled substance and (2) requiring
him to wear shackles during his jury trial. We conclude that appellant’s request
for a continuance and authorization of funds was untimely and failed to comply
with the Code of Criminal Procedure and that appellant was not harmed by the
trial court’s error in requiring him to wear shackles during the trial. We
therefore affirm.

Background

          The
police stopped appellant in a red Pontiac after he ran a stop sign and failed
to use his turn signal. During the traffic stop, the police smelled a strong
odor of phencyclidine, or “PCP,” and marijuana. The police arrested appellant
for his two traffic violations and for driving without insurance. They also
arrested a passenger in the car because a check revealed that he had
outstanding warrants. The police then searched the vehicle at the scene,
discovering a travel-sized Scope bottle containing a light brown liquid and a
white grocery bag containing marijuana. A Houston Police Department chemist
analyzed the substance in the Scope bottle. She determined that the bottle
contained 0.04 ounces of marijuana and 31.5 grams of PCP, including adulterants
and dilutants. Appellant admitted that the PCP and marijuana was his.

The trial court set appellant’s
case for trial on April 9, 2010, then carried it over each day until April 15. On
that day, appellant’s counsel orally moved
for a continuance of the trial setting. He requested more time and the approval
of an expenditure of county funds for the purpose of re-verifying the weight
and substance of the liquid in the Scope bottle. The trial court denied the
motion and proceeded to trial. Appellant remained shackled in the courtroom.
Appellant’s counsel requested that appellant be unshackled during the trial.
The trial court observed that, “[a]s
long as he’s seated and doesn’t make a show of it, I don’t think [the jury] can
see the shackles,” and took the issue under advisement. Later, the trial court
ruled that appellant would remain shackled during the trial but instructed the
bailiff to “make every effort to see that the jury panel — or the jury does not see that.” The jury found
appellant guilty.

Continuance for Independent Testing

Appellant first contends that the
trial court erred by failing to grant his day-of-trial request for a continuance
and funds to conduct independent testing of the substance alleged by the State
to be PCP. 

A.      Applicable Law

Under Article 39.14, upon notice and a showing of good cause
by the defendant, a trial court must order the State to permit inspection of
tangible evidence, such as the substance in appellant’s Scope bottle. Tex. Code Crim. Proc. Ann. art. 39.14(a)
(West Supp. 2010). A defendant has the burden of showing good cause for
inspection, and the decision is left to the discretion of the trial court. McBride v. State, 838 S.W.2d 248, 250
(Tex. Crim. App. 1992); Bell v. State,
866 S.W.2d 284, 288 (Tex. App.—Houston [1st Dist.] 1993, no pet.). Generally,
an indigent defendant has a right to appointment of an independent chemist to
inspect the controlled substance alleged in the indictment if his case is
reasonably certain to proceed to trial. McBride,
838 S.W.2d at 252 (citing Ake v. Oklahoma, 470 U.S. 68, 76, 105 S. Ct. 1087, 1092 (1985)). The burden is
on appellant to show that the trial court abused its discretion in denying
appellant’s request for appointment of a chemist. Mann v. State, 754 S.W.2d 371, 373 (Tex. App.—San Antonio 1988, no
pet.) (citing Castillo v. State,
739 S.W.2d 280 (Tex. Crim. App. 1987) (en banc); Myre v. State, 545 S.W.2d 820 (Tex. Crim. App. 1977)).


Under Articles 29.03 and 29.08 of the Texas Code of Criminal
Procedure, a party seeking a continuance must do so in a sworn, written
document that sets forth sufficient cause. See
Tex. Code. Crim. Proc. Ann. arts.
29.03 (“A criminal action may be continued on the written motion of the State
or of the defendant, upon sufficient cause shown; which cause shall be fully
set forth in the motion.”), 29.08 (“All motions for continuance must be sworn
to by a person having personal knowledge of the facts relied on for the
continuance.”) (West 2006). The Court of Criminal Appeals has held that a
defendant must comply with these statutory requirements to preserve for appellate
review the trial court’s denial of a motion for continuance seeking additional
time to perform independent testing of evidence. Anderson v. State, 301
S.W.3d 276, 278–81 (Tex. Crim. App. 2009). In Anderson, the Court of
Criminal Appeals held that a criminal defendant’s right to a meaningful
opportunity to present a complete defense is subject to forfeiture by the
accused, and that Anderson failed to preserve an appellate challenge to the
trial court’s denial of his motion for continuance to perform independent DNA
testing by failing to comply with Articles 29.03 and 29.08. Id. at 277, 280–281.

          B.      Analysis

Appellant was charged with
possession of a controlled substance on October 15, 2009. He was appointed
legal counsel the following day and was indicted on November 5. His case was
set for arraignment on November 19, disposition on December 15, and pretrial
motions were set for January 27, 2010. Pretrial motions were subsequently
carried over to January 29, then February 1. At that time, more than two months
before trial, the trial court ordered the State to furnish, among other things,
inspection of all contraband seized or obtained by the State in its
investigation. Three weeks before trial, the trial court ordered appellant to
disclose any expert he intended to present at trial. The State filed a notice
that it intended to present testimony from the police department chemist and a
fingerprint expert.

Under the trial court’s order, the State was required to
make the alleged controlled substance seized from appellant available to him
for inspection at least ten days prior to trial. See Tex. Code Crim. Proc.
Ann. art. 39.14(a). Appellant does not complain that the substance was
unavailable to him, nor does the record reflect a request for funding for an
independent expert prior to the day of trial. Although appellant asserts that
he made such a request, neither that request nor any trial court ruling are in
the record. Accordingly, we may not consider this assertion on review. Tex. R. App. P. 33(a). With respect to
the request that is in the appellate record, this request was neither timely nor
accompanied by a proper motion for continuance. See Tex. Code. Crim. Proc.
Ann. arts. 29.03, 29.08 (requirements for motion for continuance). Even
had appellant’s motion for continuance complied with the statutory
requirements, appellant has not offered a reason to suggest that the time
allotted for testing prior to trial was insufficient. By March 22, the State had
notified appellant that it intended to present testimony from its chemist. We
hold that the trial court did not abuse its discretion by denying appellant’s
day-of-trial motion for a continuance and appointment of a chemist. See Anderson,
301 S.W.3d at 277, 280–81 (affirming denial of oral, unsworn motion for
continuance to allow time for independent DNA testing).




 

Use of Shackles at Trial

          Prior to trial, appellant’s
counsel objected to having appellant shackled during trial on the ground that
it could prejudice the jury against appellant. The trial court nonetheless
required that appellant remain shackled throughout his trial.

A.      Applicable Law

Shackling of a criminal defendant
during trial proceedings threatens the defendants’ presumption of innocence,
right to a fair trial, and ability to effectively communicate with counsel. See Long v. State, 823 S.W.2d 259, 282 (Tex. Crim. App.
1991); Wiseman v. State, 223 S.W.3d 45, 49–50 (Tex. App.—Houston [1st
Dist.] 2006, pet. ref’d) (citing Deck v. Missouri, 544 U.S. 622, 630, 125 S. Ct. 2007, 2013 (2005); Estelle v.
Williams, 425 U.S. 501,
503, 96 S. Ct. 1691, 1692 (1976)). Thus, a trial court must not use visible shackles
during the guilt phase of a trial. Wiseman, 223 S.W.3d at 50 (citing Deck, 544 U.S. at 626, 125 S. Ct. at
2010). Courts have recognized a narrow exception to this rule if a trial court
determines that there is a particular need for shackling the defendant, such as
a demonstrated propensity to attempt escape or assault others in the courtroom.
Id. (citing Deck, 544 U.S. at 627, 632, 125 S. Ct. at 2011–12; Long, 823 S.W.2d at 282. The trial
court’s determination is reviewed under an abuse of discretion standard. Long, 823 S.W.2d at 282; Wiseman,
223 S.W.3d at 50. 

Improperly shackling a defendant during the guilt phase of
his trial is constitutional error. Thus, we review the record for harm under
Rule 44.2(a) of the Texas Rules of Appellate Procedure. Wiseman, 223 S.W.3d at 51; see
also Tex. R. App. P. 44.2(a).
Under this standard, the court of appeals must reverse a conviction or
punishment unless the court determines beyond a reasonable doubt that the error
did not contribute to the conviction or punishment. Tex. R. App. P. 44.2(a). We examine “whether there is a
reasonable possibility that the error might have contributed to the conviction
and, without evidence that the shackles were visible to the jury or that the
shackles unduly restricted appellant’s ability to communicate with trial
counsel, binding precedent compels the conclusion that the trial court’s error
is harmless.” Yglesias v. State, 252
S.W.3d 773, 778 (Tex. App.—Houston [14th Dist.] 2008, pet. ref’d) (citing Canales v. State, 98 S.W.3d 690, 697–98
(Tex. Crim. App. 2003); Grayson v. State, 192 S.W.3d 790, 792–93 (Tex.
App.—Houston [1st Dist.] 2006, no pet.); see
also Ramirez v. State, No. 14–05–00435–CR, 2006 WL 2345952, at *3 (Tex.
App.—Houston [14th Dist.] Aug. 15, 2006, no pet.) (mem. op., not designated for
publication)); see also Cooks v. State,
844 S.W.2d 697, 723 (Tex. Crim. App. 1992). 

B.      Analysis

          The trial court erred in requiring
that appellant be shackled during his trial. She failed to make the necessary
findings to support her ruling and nothing in the record indicates that
appellant exhibited a propensity to commit violence or try to escape during
trial. However, we conclude that the record establishes beyond a reasonable
doubt that the shackling did not contribute to appellant’s conviction. 

Appellant does not expressly assert that any juror was aware
of his shackles or point to any evidence in the record that would support such
an argument.  Instead, appellant argues
that the trial court’s statement that she did not “think” the jury would be
able to see the shackles is insufficient to establish that the jury did not see
the shackles. This statement, in combination with the trial court’s instruction
to the bailiff to “make every effort to see that the jury panel — or the jury
does not see [the shackles,]” is sufficient, because no contrary indication in
the record exists that the jury was aware of them. Absent any basis in the
record from which we could reasonably infer that a juror saw or was otherwise
aware of the shackles, we cannot find that appellant was harmed in this respect.
Compare Canales, 98 S.W.3d at 697–98
(“Nothing in the record indicates that the jury ever saw or heard or was
otherwise aware that the appellant was wearing shackles. Assuming, therefore,
that the appellant preserved this claim for appeal, he makes no showing of harm
or prejudice.”) and Cooks, 844 S.W.2d at 723 (“Absent
evidence that the jury actually saw the shackles, we will not conclude that the
defendant has been harmed.”) and Grayson,
192 S.W.3d at 792–93 (holding that appellant was not harmed by trial in
shackles when there was nothing in the record indicated that the jury saw
appellant’s shackles) and Grant v. State, 255 S.W.3d 642, 650
(Tex. App.—Beaumont 2007, no pet.) (holding that appellant was not harmed where
appellant did not identify anything in appellate record reflecting that appellant’s
shackles were visible) with Wiseman,
223 S.W.3d at 51 (“On its face, the bailiff’s statement indicates that
appellant’s shackles were exposed.”).

Appellant further argues that “even if the restraints are
not visible to the jury . . . [b]eing shackled may still confuse and embarrass
the defendant and interfere with the defendant’s thought process,” citing Davis v. State, 195 S.W.3d 311, 316 (Tex.
App.—Houston [14th Dist.] 2006, no pet.). In Davis, the Fourteenth Court of Appeals found harmful error when the
trial court required the criminal defendant to be handcuffed during trial,
because the record indicated that the handcuffs interfered with the defendant’s
ability to communicate with his counsel. Id.
at 317 (“The record does show some interference with attorney-client
communication.”). The record in that case also showed that, when the judge
ordered the defendant handcuffed, he also instructed the bailiff to remove from
the defendant’s hand the pen his attorney had given him to write notes. Id. 

We agree that shackling a defendant may cause harm to the
defendant by interfering with the defendant’s ability to communicate with his
counsel, regardless of whether the jury is aware of the shackles. See Wiseman,
223 S.W.3d at 49–50. We cannot find harm, however, when the record is devoid of
anything that supports an inference that appellant’s shackles actually interfered
with his ability to communicate with his counsel. Cf. Davis, 195 S.W.3d at 317 n.3 (distinguishing other cases on
basis that record before the court contained evidence that handcuffs interfered
with defendant’s ability to communicate with his counsel).

Absent any basis in the record for inferring that the
defendant’s shackles were known to the jury, interfered with his ability to
communicate with his counsel, or otherwise interfered with his right to a fair
trial, we must conclude, beyond a reasonable doubt, that appellant was not
harmed by the trial court’s error in ruling that he remain shackled during the
trial. See Yglesias, 252 S.W.3d at
777 (“[A] trial court’s error in ordering a defendant to be shackled is harmless
if the shackles are not visible to the jury and if they do not unduly restrict
a defendant’s ability to communicate with counsel.”) (citing Canales, 98 S.W.3d at 697–98; Davis, 195 S.W.3d at 317–18)); Ziolkowski v. State, 223 S.W.3d 640,
644–45 (Tex. App.—Texarkana 2007, pet. ref’d) (finding no evidence that the
jurors ever saw the shackles or that the shackles interfered with the
defendant’s communication with counsel and concluding, beyond a reasonable
doubt, that defendant did not suffer harm) (citing Canales, 98 S.W.3d at 697–98; Cooks,
844 S.W.2d at 723; Long, 823 S.W.2d
at 283).




 

Conclusion

          We affirm the judgment of the trial
court.

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justice Bland and Wilson.[1]

Do
not publish. Tex. R. App. P. 47.4.











[1]           The Honorable Randy Wilson, 156th
Civil District Court of Harris County, Texas, sitting by assignment.