02-11-416-CR












 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.
02-11-00416-CR

 

 


 
 
 Sam Marshall
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE County
Court at Law OF Cooke COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

         
Appellant
Sam Marshall appeals his conviction for speeding.  Marshall,
appearing pro se, complains of the discoverability of certain documents, the
trial court’s admission of hearsay evidence, the denial of his motion to
dismiss for lack of a speedy trial, the sufficiency of the evidence, and the
State’s jury argument.[2]  We will
affirm.

II.  Factual and Procedural Background

         
Texas
Department of Public Safety Trooper Ryan Molsbee
observed a blue Nissan driving on F.M. 922 in Cooke
County.  Believing that the Nissan was speeding, the trooper turned on his
radar and confirmed that the Nissan was traveling sixty-eight miles per hour in
a fifty-five-miles-per-hour zone.  Trooper Molsbee
stopped the Nissan and wrote a speeding ticket for the driver, Marshall.

         
Marshall pleaded not guilty and requested a jury trial in the justice of the
peace court.  The jury found him guilty and assessed a $175 fine.  He
was also ordered to pay court costs of $101.  Marshall appealed to the
county court at law and requested a jury trial.

         
At a pretrial hearing in the county court, the State presented evidence—via a
minute order of the Texas Transportation Commission (the TTC)
and testimony of an employee of the Texas Department of Transportation (the DOT)—that the DOT had conducted
engineering and traffic investigations on several roads in Cooke County,
including F.M. 922, and determined that the maximum
prudent and safe speeds on those roads should be fifty-five miles per hour.

At
the jury trial in the county court, the State called Trooper Molsbee as its sole witness.  Marshall did not call
any witnesses.  The jury found Marshall guilty of speeding and assessed a
$200 fine.  The trial court sentenced him accordingly and ordered that he
pay court costs of $197.10.  Marshall timely filed notice of appeal to
this court.

III.  Discovery Complaints

In
his first two issues, Marshall complains that the State failed to turn over to
him certain discoverable documents pursuant to his motion for discovery.
 Marshall filed a motion for discovery of, among other things, any
investigative and engineering reports showing that it was unsafe to drive
seventy miles per hour on F.M. 922 and any “85th
percentile speed surveys” completed for that road “as required by both the
Texas and Federal Manual on Uniform Traffic Control Devices (MUTCD).”

A
defendant does not have a general right to discovery of evidence in the
possession of the State, but he does have a right to evidence that is favorable
to him and material to his guilt or punishment.  See Tex. Code
Crim. Proc. Ann. art. 39.14 (West Supp. 2011); Quinones
v. State, 592 S.W.2d 933, 940 (Tex. Crim. App.), cert.
denied, 449 U.S. 893 (1980); Ex parte Adams, 768 S.W.2d
281, 293 (Tex. Crim. App. 1989).  Under article 39.14, upon notice and a
showing of good cause by the defendant, a trial court must order the State to
permit inspection of documents that constitute evidence material to any matter
involved in the action and that are in the possession, custody, or control of
the State or any of its agencies.  Tex. Code Crim. Proc. Ann. art. 39.14(a).  A defendant has the burden of showing good
cause for inspection, and the decision on what is discoverable is left to the
discretion of the trial court.  McBride v. State,
838 S.W.2d 248, 250 (Tex. Crim. App. 1992); Bell
v. State, 866 S.W.2d 284, 288 (Tex. App.—Houston
[1st Dist.] 1993, no pet.).

Marshall
does not complain that he did not receive a copy of the TTC’s
minute order, which states that the DOT had conducted
engineering and traffic investigations and determined that the speed limit on F.M. 922 should be fifty-five miles per hour.  That
minute order was introduced into evidence at the pretrial hearing.  David
Rohmer of the Wichita Falls office of the DOT
testified that the DOT had set the speed limit for F.M. 922 by conducting a “drive-through,” instead of an
85th percentile speed survey, in accordance with state law.  He testified
that someone with the DOT drove along F.M. 922, as well as all other farm-to-market roads in
Cooke County, and determined that the speed limit should be fifty-five miles
per hour.

Because
no 85th percentile speed surveys were conducted, any documentation of such a
survey does not exist and would therefore not be discoverable.  See Tex.
Code Crim. Proc. Ann. art. 39.14. 
Regarding any written reports of the engineering and traffic
investigations conducted, the State told the trial court that the minute order
was the only documentation it had in its possession regarding the speed limit
for F.M. 922.  And even if such documents
existed and were in the State’s possession, there is no showing or argument
that any investigative reports contain evidence material to Marshall’s
defense.  See id.; McBride, 838 S.W.2d at 250; Quinones, 592 S.W.2d
at 940–41; Abbott v. State, 196 S.W.3d 334, 346 (Tex. App.—Waco 2006,
pet. ref’d).  Thus, the trial court did not abuse its discretion by
denying Marshall’s motion for discovery.  We overrule Marshall’s first two
issues.

IV.  Hearsay Objection

In
his third issue, Marshall argues that the trial court abused its discretion by
admitting hearsay evidence during a pretrial hearing on the State’s motion in limine.[3] 
At the hearing on the motion, Rohmer testified about the drive-through method
of setting speed limits, and the State asked whether he knew whether or not a
drive-through was conducted in 1996.  Rohmer responded, “According to that
gentleman, that’s what they did.  They established the speed --”  Marshall objected to hearsay, and the trial court
overruled it.

Even
assuming the trial court erred by overruling Marshall’s hearsay objection, the introduction
of that evidence was harmless.  The minute order introduced into evidence
stated that the DOT had conducted engineering and
traffic investigations and recommended a speed limit of fifty-five miles per
hour for F.M. 922 and that the TTC
had set the speed limit in accordance with those investigations.  See Tex.
R. App. P. 44.2(b); Mendoza v. State, 69 S.W.3d 628, 634 (Tex.
App.—Corpus Christi 2002, pet. ref’d) (holding hearsay evidence rendered
harmless by introduction of same or similar evidence).  We overrule
Marshall’s third issue.

V. 
Speedy Trial

In
his fourth issue, Marshall complains that the trial court erred by denying his
motion to dismiss for lack of a speedy trial.

The right
to a speedy trial is constitutionally guaranteed. U.S.
Const. amend. VI; Tex. Const. art. I,
§ 10; see Barker v. Wingo, 407 U.S. 514, 515,
92 S. Ct. 2182, 2184 (1972); Zamorano v.
State, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002).  In determining whether
a defendant has been denied this right, a court must balance four factors: (1)
length of the delay; (2) reason for the delay; (3) assertion of the right; and
(4) prejudice to the accused.  Barker, 407 U.S.
at 530; Johnson v. State, 954 S.W.2d 770, 771 (Tex.
Crim. App. 1997).  While the State has the burden of justifying the
length of delay, the defendant has the burden of proving the assertion of the
right and showing prejudice.  Cantu v. State, 253
S.W.3d 273, 280 (Tex. Crim. App. 2008).

Marshall
was ticketed for speeding on September 11, 2010.  He was tried and
convicted in the justice of the peace court on January 26, 2011, and he filed
notice of appeal that day.  On August 25, 2011, Marshall moved for
dismissal for lack of a speedy trial.  At a pre-trial hearing on September
6, 2011, the trial court denied Marshall’s motion.

Even
assuming that the seven-and-one-half-month delay between Marshall’s conviction
in the justice of the peace court and his jury trial in county court triggered
the Barker test, the record shows that, at Marshall’s arraignment in
county court on June 7, 2011, the trial court set the case for a jury trial on
September 6, 2011.  Nothing in the record suggests that Marshall asserted
his right to a speedy trial at that time or at any other time until he filed
his motion to dismiss.  See id. at 283 (explaining that the
failure to make repeated requests for a speedy trial supports an inference that
the defendant does not really want a trial, but wants only dismissal, and that
filing for dismissal instead of a speedy trial weakens a speedy-trial
claim).  Regarding prejudice to Marshall, he was not imprisoned, it is
unlikely that he suffered much anxiety or concern over his impending
misdemeanor trial for speeding, and he has not asserted that his defense was
impaired by the delay.  See id. at 285
(requiring that court analyze prejudice to defendant in light of defendant’s
interests that speedy-trial right was designed to protect:  “(1) to
prevent oppressive pretrial incarceration, (2) to minimize the accused’s anxiety and concern, and (3) to limit the
possibility that the accused’s defense will be
impaired”)

Having
reviewed the Barker balancing test as applied to the facts of this case,
we hold that Marshall’s right to a speedy trial was not violated.  We
overrule his fourth issue.

VI.  Documentary Evidence Not Presented At Trial

         
In his sixth, seventh, and eighth issues, Marshall complains that State failed
to offer into evidence:  (1) written certification that Trooper Molsbee had satisfied the continuing education requirements
to be a state trooper, (2) radar or calibration logs for the radar on the
trooper’s vehicle, and (3) documentation that the tuning forks that Trooper Molsbee had used to calibrate his radar were accurate or tested.

At
trial, Trooper Molsbee testified that he was current
on his continuing education requirements for state troopers and for radar
certification.  He also testified that he calibrates the radar in his
vehicle with tuning forks before and after each shift and that he did so on the
day he stopped Marshall.  He explained that he also internally calibrated
his radar after stopping Marshall and that it was working properly.

On
cross-examination, Marshall asked for documentation of the trooper’s continuing
education certification, for the trooper’s calibration and radar logs, and for
certification of the tuning forks.  Trooper Molsbee
did not have any of that documentation with him in court, and Marshall objected
to the failure to produce such documentation.  The trial court overruled
Marshall’s objections, explaining that the trooper’s sworn testimony was
admissible as proof of these facts and that he was not required to bring any
documentation to trial unless subpoenaed to do so.

Article
24.02 of the code of criminal procedure specifically authorizes the issuance of
a subpoena duces tecum
directing a witness to produce in court writings or other things in his
possession.  Tex. Code Crim. Proc. Ann. art. 24.02 (West
2009).  Marshall did not file a subpoena to require the trooper
bring any documents with him to trial.  And to the extent that Marshall
argues that the State failed to meet its burden of proof or that the trial
court improperly shifted the burden of proof to him by requiring him to
subpoena these documents, the trooper’s uncontroverted testimony was sufficient
and the State was not otherwise required to offer written documentation to
support the trooper’s testimony.  See Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979) (setting forth sufficiency standard of
review); Isassi v. State, 330 S.W.3d
633, 638 (Tex. Crim. App. 2010) (same); see also Cromer v. State,
374 S.W.2d 884, 887 (Tex. Crim. App. 1964)
(explaining that officer’s testimony that he had been trained to operate radar
and test it for accuracy is sufficient predicate to support admission of radar
evidence).  We overrule Marshall’s sixth, seventh, and eighth
issues.

VII.  Sufficiency of the Evidence

Marshall
argues in arguments 5 and 6 of his “Summary of Argument” that the State should
have offered into evidence the investigative and engineering report to prove
that the speed limit on F.M. 922 was fifty-five miles
per hour and that “[n]othing was shown to prove 70
MPH was not a safe and prudent speed limit as required by” the transportation
code.

We
will interpret Marshall’s arguments as a challenge to the sufficiency of the
evidence.  In our due-process review of the sufficiency of the evidence to
support a conviction, we view all of the evidence in the light most favorable to
the verdict to determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at 638.

Texas
Transportation Code section 545.352(a) provides that “[a] speed in excess of
the limits established by Subsection (b) or under another provision of this
subchapter is prima facie evidence that the speed is not reasonable and prudent
and that the speed is unlawful.”  Tex. Transp. Code Ann.
§ 545.352(a) (West Supp. 2011).  Subsection (b) sets a
seventy-miles-per-hour speed limit on farm-to-market roads.  Id. §
545.352(b)(2).  However, section 545.353(a)
allows the TTC to set lower prima facie speed limits
than those listed in section 545.352.  Id. §
545.353(a) (West Supp. 2011).  That section provides, 

If the Texas
Transportation Commission determines from the results of an engineering and
traffic investigation that a prima facie speed limit in this subchapter is
unreasonable or unsafe on a part of the highway system, the commission, by
order recorded in its minutes, and except as provided in Subsection (d), may
determine and declare:

 

(1)  a reasonable and safe prima facie speed limit; and

 

(2)  another reasonable and safe speed because of wet or
inclement weather.

Id. 
The
survey is not a necessary element of proof at a trial for speeding. Thompson v. State, No. 02-03-00438-CR, 2004 WL
541518, at *1 (Tex. App.—Fort Worth Mar. 18, 2004, no pet.) (mem. op., not designated for
publication).

At
trial, Trooper Molsbee testified that his radar
detected that Marshall’s vehicle was travelling at sixty-eight miles per hour
and that the speed limit on that road was fifty-five miles per hour.
 Viewing all of the evidence in the record, including the uncontroverted
testimony of Trooper Molsbee as to the prima facie
speed limit on F.M. 922, in the light most favorable
to the verdict, we hold that any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Isassi,
330 S.W.3d at 638.  We overrule arguments 5 and 6 of Marshall’s “Summary
of Argument.”

VIII.  Jury Argument

In
argument 8 in his “Summary of Argument,” Marshall argues that the trial court improperly
allowed the State to argue, over objection, that each element of the offense of
speeding had been proven beyond a reasonable doubt.  Marshall argues that
“it was not up to the prosecution to decide if the facts were proved, but up to
the jury.”

To
be permissible, the State’s jury argument must fall within one of the following
four general areas:  (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; or (4)
plea for law enforcement.  Felder v. State, 848 S.W.2d
85, 94–95 (Tex. Crim. App. 1992), cert. denied, 510 U.S. 829 (1993); Alejandro
v. State, 493 S.W.2d 230, 231 (Tex. Crim. App.
1973).  A prosecutor may argue an opinion concerning issues in the case as
long as the opinion is based on evidence in the record and does not constitute
unsworn testimony.  Wolfe v. State, 917 S.W.2d 270, 281 (Tex. Crim. App. 1996). 
Counsel may draw from the facts in evidence all inferences that are reasonable,
fair, and legitimate, and as long as her argument is supported by the evidence
and offered in good faith, she will be afforded latitude without limitation in
this respect.  Andujo v. State, 755 S.W.2d 138, 144
(Tex. Crim. App. 1988).

Here,
the State argued that no one contradicted its evidence that on September 11,
2010, Marshall operated a motor vehicle on a public highway—F.M.
922—at mile post 578 in Cooke County, Texas—“Didn’t have anybody deny
that.  Proved.”  This argument was both a
summation of Trooper Molsbee’s uncontroverted
testimony and a reasonable deduction from that testimony.  See Andujo, 755 S.W.2d at 144.  We overrule this
argument.

IX.  Waived Arguments

         
In his fifth issue, Marshall complains, “Appellant held to same high standards
as a trained attorney.”  In his ninth issue, Marshall argues, “Prosecution
did not see that justice was done and tried to circumvent that law using
trickery and deceit.”  These issues do not raise any cognizable appellate
issues for this court to address and are waived.  See Tex. R. App.
P. 38.1(i).  We overrule Marshall’s fifth and
ninth issues. 

X. 
Conclusion

         
Having addressed all of Marshall’s issues and arguments, we affirm the trial
court’s judgment.

 

 

 

PER CURIAM

 

 

PANEL: 
WALKER, MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 14,
2012 














[1]See
Tex. R. App. P. 47.4.





[2]Marshall
lists nine “Issues Presented” in his brief, but he raises additional or
different issues in his numbered “Summary of Argument” section.  In the
interest of justice, we will address the additional arguments not presented in
his issues presented and will broadly construe the arguments raised throughout
his brief.  See Tex. R. App. P. 38.9.





[3]The
State’s motion in limine requested that the trial
court order Marshall not to argue at trial that federal law controls the TTC’s authority to alter speed limits because federal law
did not apply.